SUSAN MILLER

*v.*

KATE L. MILLER.

1. WIDOW'S AWARD—*not barred because not confirmed by the court within two years.* The widow's award, although in one sense a demand against the estate of her husband, is not such a demand as is required to be exhibited against the estate within two years, or be forever barred.

2. ADMINISTRATION—*only demands required to be presented by party owning them, barred in two years.* The seventh clause of section 70, page 116, R. S. 1874, which provides that all demands not exhibited within two years shall be forever barred, has relation only to such demands as are required to be exhibited to the court by the parties to whom they belong, and does not embrace the widow's award.

3. SAME—*power of county court as to appraisement.* The county court, from its general powers in supervising the administration of estates, has the power, for cause shown, to set aside an appraisement bill or a report of appraisers, making out and certifying to that court an estimate of the value of the items of property mentioned in the statute as the widow's award.

4. But whilst the county court has this supervisory power, it has no power to revise and modify the appraisement bill or appraisers' estimate of the value of the property allowed as the widow's award, and substitute the judgment of the court for the judgment of the appraisers.

5. SAME—*power of circuit court in matter of, on appeal from the county court.* On an appeal from a judgment of the county court approving the appraisers' estimate of the value of property allowed as a widow's award, the circuit court can not exercise any power in the case, except such as the county court could and should have done; and a judgment rendered by the circuit court, allowing the widow a sum in gross less than the amount fixed by the appraisers, is erroneous, as substituting the judgment of the judge presiding for the judgment of the appraisers.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Orrin Miller died intestate in Chicago, on the 8th day of December, 1872. The only estate left by him was an interest of one-third in partnership property and effects of the firm of McDonald Brothers & Miller, the value of which interest was from $1600 to $2000.

On the 23d of December, 1872, letters of administration upon his estate were issued to Susan Miller, the appellant, and she qualified as such.

On the 15th of November, 1873, appellant was removed as administratrix, and one Wilder was appointed in her place. Up to this time no steps had been taken to settle this estate. No inventory or appraisement bill was rendered, and no adjudication term had been fixed upon.

On the 2d day of December, 1874, Wilder, as administrator, filed an inventory, showing that there was no real estate and no personal property, but that the entire assets of the estate consisted in the interest in the partnership effects above stated, and this was put down on the inventory as worth $2000.

On the 8th day of December, 1874, appellant filed a claim as a creditor of the estate (which was afterwards allowed), amounting to $4500.

On the 9th of December, 1874, the appraisers were appointed, and on the 19th of January, 1875, the report of the appraisers, dated December 11, 1874, was filed with the clerk of the county court, which appraisers' report states that no property belonging to said estate has come to their sight or knowledge. On the same day was filed the certificate of the appraisers, etc.

The appraisers' estimate of the value of property allowed to widow, filed in the county court January 19, 1875, is as follows:

The family pictures and wearing apparel, jewels
   and ornaments of the widow and minor children..    ........
School books and family library................    $100.00
One sewing machine.........................    75.00

| | |
|---|---:|
| Necessary beds, bedsteads and bedding, for widow and family .............................. | $100.00 |
| The stoves and pipe used in the family, with the necessary cooking utensils (or, in case they have none, $50 in money)......................... | 50.00 |
| Household and kitchen furniture................ | 100.00 |
| One milch cow and calf (being one for every four members of the family)...................... | 50.00 |
| Two sheep and fleeces (being two for each member of the family)................................ | 15.00 |
| One horse, saddle and bridle................... | 145.00 |
| Provisions for the widow and family for one year. | 200.00 |
| Food for stock above specified for six months .... | 75.00 |
| Fuel for the widow and family for three months.. | 45.00 |
| Other property ............................... | 100.00 |
| Total................................... | $1,055.00 |

On the same day appeared in the county court Susan Miller, as a creditor of said estate, and presented objections against the allowance of a widow's award to Kate L. Miller, widow of said Orrin. The entry of record is as follows:

" And now comes Susan Miller, and respectfully represents unto said court that she is a creditor of said deceased; that she has filed her claim in this court for allowance against said estate; that such claim has not yet been allowed, for the reason that no adjudication term has ever been fixed upon; that she is ready and willing, and hereby offers, to prove her said claim in such way as the court may direct. And she objects to the allowance of the award this day presented to said court by one Kate L. Miller, claiming to be the widow of said deceased, for the following reasons:

" Because said Kate L. Miller, at the time of the death of said Orrin Miller, was not his wife.

" Because she is not his widow.

" Because, at the time of the death of said Miller, said Kate L. was not a resident of the State of Illinois, and had not re-

sided in said State for a long time prior to his death, and has not since resided here.

" Because said Kate L. Miller, under the laws of this State, is not entitled to a widow's award.

" Because the appraisers who made said award made the same upon the representations and request of the attorneys of said Kate L., and not at the request of said Kate L.; that they had no knowledge, save as informed by said attorneys, concerning the condition in life of and manner in which said deceased lived prior to his death; have never seen the said Kate L., and because said award is not made upon their own judgment.

" Because said appraisers were not authorized by law to make an award to said Kate L. Miller, she being a non-resident of this State at the time of the death of said Orrin Miller.

" Because said award is too large, said Miller having left no children."

Afterwards, on February 17, 1875, these objections of appellant came up for hearing in the county court, and all parties in interest being present, the proofs offered were heard, and the county court adjudged and decided "that said award be approved, and that it be paid to said Kate L. Miller, widow of said decedent, in due course of administration." From this order of the county court Susan Miller appealed to the circuit court, and on the 1st of July, 1876, a trial *de novo*, upon a hearing of evidence, was had of the objections of appellant, and the following judgment was entered:

" And now come the parties to the above entitled cause, by their respective attorneys, and said cause having been submitted to be tried by the court, Judge John G. Rogers, without a jury, the said cause was tried on the 1st day of July, A. D. 1876, being one of the days of the June term, 1876, by said court, *de novo*, and the court, upon hearing the evidence and argument of the respective counsel, find for Kate L. Miller, the claimant, the sum of eight hundred dollars ($800), her widow's award, as the widow of said Orrin Miller, deceased, and orders the said sum of $800 to be paid out of the estate of said Orrin Miller, deceased."

From this judgment of the circuit court Susan Miller has taken an appeal to this court, and insists that the court erred in not setting aside entirely the award to said Kate L. Miller, as the widow of the intestate. Kate L. Miller, appellee, has assigned cross-errors, and insists that the judgment of the county court should, in all things, have been affirmed by the circuit court.

Mr. A. H. LAWRENCE, for the appellant.

Messrs. WILLETT & HERRING, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Appellant contends that no widow's award can lawfully be allowed, because " the same was not presented to the county court for confirmation or approval within two years from the issuing of letters of administration."

The claim of a widow for " the widow's award," out of the personal property of an estate, is not, under our statute, a " demand " against the estate, in the same sense as the claim of a creditor. It may more properly be denominated a right to a portion of the personal property of the estate. (*Cruce* v. *Cruce et al*. 21 Ill. 47.) In a certain sense it may be called a demand against the estate, and it is so called in the second clause of section 70, of the chapter on " The Administration of Estates," R. S. 1874. page 116; but the reasons applicable to the provision which bars all demands not presented within two years from the granting of letters, have no application to the widow's award. The administrator is not presumed to be cognizant of all claims of mere creditors of deceased, and therefore a necessity existed that such claims should be exhibited within some limited time, so that a definite basis might be had on which to dispose of the assets. The widow's award, however, requires no such presentation. The whole tenor of the statute shows that the preservation of the same requires no action on the part of the widow whatever, until she has notice that the award has been made by the appraisers.

In chapter 3, of Revised Statutes of 1874, it is provided, that whenever letters of administration are granted, the administrator shall make out a full inventory of the property of the estate, which shall be returned to the office of the clerk of the county court within three months from the date of the letters of administration. It is also provided, that on granting letters of administration, the county court shall appoint three appraisers to appraise the personal estate, and, after taking the oath prescribed, it is provided that "the appraisers shall proceed, as soon as conveniently may be, to the discharge of their duty, and when the bill of appraisement is completed, the appraisers are required, by statute, to certify the same, and deliver the same to the administrator, to be. by him returned to the clerk's office within three months from the date of the letters of administration.

It is further enacted that "*the widow* residing in this State, of a deceased husband whose estate is administered in this State, *shall, in all cases,* (in exclusion of debts, claims, charges, legacies and bequests, except funeral expenses,) be allowed, as her sole and exclusive property forever, the following" (enumerating the list of personal property), "which shall be known as the widow's award." * * * "The appraisers shall make out and certify to the county court an estimate of the value of each of the several items of property allowed to the widow, and it shall be lawful for the widow to elect whether she will take the specific articles set apart to her, or take the amount thereof out of other personal property at the appraised value thereof, or whether she will take the amount thereof in money. * * * And in *all such cases*, it shall be the duty of the * * * administrator to *notify the widow as soon as such appraisement shall be made,* and to set apart to her such article or articles of personal property, not exceeding the amount to which she may be entitled, and as she may select. * * * When there is not property of the estate of the kinds mentioned in the statute, the appraisers *may award* the widow a gross. sum in lieu thereof, except for family pictures, jewels and ornaments. If the administrator discovers, at any time

after an inventory and appraisement is made, that the assets do not exceed the amount of the widow's allowance, after deducting the necessary expenses incurred, he shall report the facts to the court; and if the court finds the report to be true, he shall order said assets to be delivered to the widow by the administrator, and discharge the administrator from further duty."

It is plain, from the whole tenor of these statutory regulations, that, in the phrase (found in the seventh clause of section 70, page 116, R. S. of 1874,) "and all demands not exhibited within two years, as aforesaid, shall be forever barred," the word "demands" was not intended to embrace what is known as "the widow's award." The word "demands," in that phrase, as will appear by the context, has relation alone to such demands against the administrator as are required to be exhibited to the court *by the parties* to whom they belong. In one sense, "the widow's award" is undoubtedly a "demand against the estate," and it is mentioned as such in the second clause of this section 70, but the same words in the seventh clause of the section, it is evident, are not used in the same sense. We are all of opinion that the limitation of two years found in this section 70 has no reference whatever to the matter of "the widow's award."

In passing upon this question, and upon another question to be hereafter mentioned, it is well to inquire what meaning is to be attached to the word "allowed," as used in this statute, in reference to the matter of "the widow's award." Does the statute require, as an essential, that the county court shall make an order of allowance, in order to invest the widow with an available and definite right to "the widow's award?" In section 74 it is said, "the widow * * * shall (in all cases, in exclusion of debts, claims, charges, legacies and bequests, except for funeral expenses,) be allowed, as her sole and exclusive property forever," etc., "which shall be known as the widow's award."

By whom is this allowance to be made? Is it by the appraisers, or by the administrator, or by the order of the county

court, or is it by the effect of the statute, that she is allowed this widow's award by law, and that her right is not dependent upon the action of the administrator, appraisers, or the court ? Has either the administrator, or the appraisers, or the county court, the jurisdiction to determine that she shall not be allowed this award?

Section 75 provides that " the appraisers shall make out and certify to the county court an estimate of the *value* of each of the several items of property *allowed to the widow.*" The county court is not required, by the statute, to make any order *prior to this certificate*, adjudging that the widow shall be allowed " the widow's award," or adjudging what are the articles of property of which the appraisers are to make an estimate of the value, and certify the same. That is fixed by statute. Again, it is enacted in the same section, that, where there is not property of the estate of the kinds mentioned in the enumeration of the articles which are to constitute the widow's award, " *the appraisers may award* the widow a gross sum in lieu thereof," etc. The law gives her certain articles of property, or their value. The judgment of the appraisers is, by law, to fix the value of the items of personal property so allowed by statute to the widow, and, so far as we are advised, it is the universal practice that this estimate be approved or set aside by the court.

While the statute does not, in express words, require that this estimate of value by the appraisers should be approved by the court, in order to give it binding force as such, it has long been the practice to do so, and it seems very appropriate that it should be so.

The county court, from its general powers in supervising the administration of estates, has the power, for cause shown, to set aside an appraisement bill, or a report of appraisers making out and certifying to that court an estimate of the value of the items of property mentioned in the statute as " the widow's award," and to order the appraisers to consider the subject again, and make another appraisement bill, or another estimate of the value of the items allowed by statute to the widow

as the widow's award, and for cause shown, the court might
remove the appraisers and appoint other appraisers, and charge
them with these duties. But, while the county court has this
supervisory authority, it has no power to revise and *modify*
the appraisement bill or the appraisers' estimate of the value
of the property allowed as the widow's award. The county
court has no power to substitute the judgment of the court
for the judgment of the appraisers, for the statute has made
the estimate of the appraisers effective, and not an estimate
made by the county court. As well might the circuit court,
where a verdict of a jury has been returned, take up the ver-
dict and revise and modify it, and enter this modified verdict
as the verdict in the case.

The form of the judgment in the county court in this case
is, " that said award be approved, and that it be paid to said
Kate L. Miller, widow of said decedent, in due course of ad-
ministration." The issue tried in this case was made upon
objections interposed by appellant against the approval of the
award, which was, in substance, a motion or application on the
part of appellant for an order of the county court setting aside
the award, and the judgment, in substance, is a judgment
refusing to set the same aside.

When the case came to the circuit court by appeal, the cir-
cuit court could not properly exercise any power in the case
save that which the county court could and should have done.
The circuit court, properly, could only have ordered the esti-
mate of the appraisers to be set aside, or have refused to make
such order.

The matter was tried *de novo* in the circuit court, and all
the evidence given is preserved in the bill of exceptions.

After a careful examination of the proofs, we find no proof
tending to show that the estimate of the appraisers should be
set aside. There is no proof whatever bearing upon the ques-
tion of the value of any of the items of property, or tending
to show any misconduct on the part of the appraisers. In
determining whether the award should be set aside, the value
of each item may be examined, but no proof of that kind was

made. Upon the proofs, the judgment of the county court ought to have been affirmed.

The judgment entered in the circuit court is an allowance of a gross amount less by more than $200 than the sum of the items of the estimate approved by the county court. The circuit court seems (even without proof on that subject) to have substituted the judgment of the judge presiding for the judgment of the appraisers. This was clearly erroneous.

The appellant assigns for error the judgment of the circuit court in allowing a gross sum instead of passing on each item of the appraisers' estimate. This would indeed be an error, if the court had the power to revise and modify the estimate of the appraisers, but it is not perceived wherein the rights or interests of appellant are injuriously affected by this irregularity.

Appellee has assigned cross-errors upon this record, and complains that "the judgment of the circuit court in allowing said award is for an amount too small." The estimate of the appraisers amounted to $1050. The judgment of the circuit court, in effect, set aside this estimate to the extent of $250. For this error, the judgment must be reversed at the costs of appellant, and the cause remanded to the circuit court with directions that judgment be there entered affirming the judgment of the county court, and that appellee recover in the circuit court her costs in that court.

*Judgment reversed.*