HELEN C. BOYER

V.

ESTATE OF JULIUS A. BOYER.

*Widow's Award—Secs. 74 and 75, R. S.—Construction—Allowances to be Reasonable—Appraisement—What Need not be Appraised—County Court may Set Aside Estimate—New Appraisement—Removal of Appraisers—Jurisdiction of Circuit Court—Allowance of Amendment—Discretion—Practice.*

1.   The appraisers, in making their estimate of the widow's award under Secs. 74 and 75, Chap. 3, R. S., are not required to estimate the value of the family pictures and wearing apparel, the jewels of the widow and her minor children and the stoves and pipe used in the family, with the necessary cooking utensils, all of which are to be included in the award without regard to their value.

2.   The County Court may set aside an appraisement bill, or a report of appraisers making out and certifying an estimate of the value of the items allowed by statute as the widow's award, and order a new appraisement, or remove the appraisers and appoint others to make such new appraisement.

3.   While the statute with respect to widows' awards should be literally construed, its construction should be reasonable and the allowances made under it should be within the bounds of reason.

4.   In the case presented, it is *held:*  That the County Court properly ordered the appraisement and award set aside ; that the action of the Circuit Court in refusing a motion to allow the widow to amend the estimate because of the insertion therein of improper items, even if not within its discretion, was justified by the extraordinary allowances made by the appraisers; and that said court committed no error in ordering the affirmance of the order of the County Court.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Will County ;  the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. H. F. VALLETTE, for appellant.

Messrs. OLIN & PHILIPS, for appellee.

LACEY, J.   This was an appeal from the order of the County Court, setting aside widow's award and appraisement.

The Circuit Court overruled motion to refer the award to the appraisers to be again considered, setting aside appraisement bill and widow's award, affirming the order of the County Court and giving judgment against the widow for costs.   The appeal is taken to this court by the widow, and the action and judgment of the Circuit Court sought to be reversed.

The deceased, Julius A. Boyer, died leaving an estate consisting of personalty to the amount of over $135,000, leaving a widow and three minor children.   The widow, Helen C. Boyer, was duly appointed administratrix and James L. Dunton, Michael Waller and John W. Arnold were duly appointed appraisers, and on the 29th of July, 1885, they made out their appraisement bill and estimate of the amount to be allowed to the widow as her award, the appraisement bill showing that the personal property subject by law to such appraisement amounted to $806.50 in value, and that the estimated amount to be allowed as the widow's award was the sum of $7,075.

The County Court set aside both the widow's award and appraisement so made, and appeal was taken to the Circuit Court, and upon hearing the Circuit Court affirmed the order of the County Court, and this appeal is taken.

After the case was in the Circuit Court the administratrix, discovering that the widow's award presented to the County Court was erroneous in important particulars, and could not be sustained, procured the appraisers to make out a new or amended estimate of the widow's award fixing the sum total at $6,629 instead of $7,075 as in the original.   She moved the court for leave to amend and for leave to substitute the new estimate for the old, which the court refused, and entered the order setting aside both the appraisement and award and affirming the order of the County Court.

This action of the Circuit Court is particularly questioned, and assigned for error.   In refusing this request we see no error.   Whether or not the court had the power in its discretion to allow the amendment, it certainly was no error to refuse to allow it under all the circumstances.   The Legislature

has designed the County Court to have especial jurisdiction of matters of probate and the setting up of estates, and the Circuit Court can not take to itself the administration of estates unless under certain circumstances. Wood v. Johnson, 13 Ill. App. 555, and cases there cited.

The County Court has a right for cause shown, to set aside an appraisement bill, or a report of appraisers making out and certifying to that court an estimate of the value of the items of property mentioned in the statute as the widow's award, and to order the appraisers to consider the subject again, and for cause shown, might remove the appraisers and appoint others and charge them with these duties. Miller v. Miller, 82 Ill. 463, 470.

The Circuit Judge who tried the cause might very well have considered that, in view of the extraordinary developments contained in the amended estimate, that it was a fitting question for the County Court to consider whether it would not remove the appraisers, and that the Circuit Court ought not to be diverted from a consideration of the matter appealed from, into an administration of the estate, thereby usurping the jurisdiction of the County Court, and for those reasons have refused the motion. And we can not say it was error to do so.

The next question is, did the Circuit Court err in sustaining the order of the County Court? We think not. It is admitted by appellant that the following allowance of items by the appraisers was erroneous, to-wit: The family pictures and wearing apparel, jewels and ornaments of the widow and minor children, $2,000, and the stoves and pipe used in the family, with necessary cooking utensils, $400, making $2,400. See Secs. 74 and 75, Chap. 3, R. S. These items were not allowable under the statute, and it was these that it was desired to correct by the new estimate of the widow's award. But how was it corrected? The new award submitted will show. The objectionable items were stricken out, and most singularly the appraisers attempted to compensate the widow for it by adding nearly the entire amount to other items of the award, as follows: In the first appraisement of the widow's award

Boyer v. Boyer.

the appraisers estimated necessary beds, bedsteads and bedding for the widow and family at $1,000, and one sewing machine was not estimated, and provisions for the widow and family for one year was put at the round sum of $2,500. In the amended appraisement the sum of $1,200 was added to the item for necessary beds, bedsteads and bedding for the widow and family, and the extraordinary price of $200 was added for the sewing machine, and $500 was added to the item for provisions for the family for one year, and another milch cow was added at $50. The appraisers were acting under the *same oath* at the time each estimate was made, and no explanation of how or why this great change was effected. It appears to be a remarkable case of forcing results, and the new estimate to be born of a desire on the part of the appraisers to make up to the widow, without reference to a proper valuation, the loss, at least in part, sustained by the mistake. No court would be justified, in the face of such circumstances, in approving the amended report, and in fact it would be strong evidence going to show the bad faith of the appraisers in their former appraisement and the widow's estimate of award. It was in evidence that the deceased was a free liver ; that he spent on his living expenses from $7,000 to $10,000 per annum, and kept as many as four servants; yet the entire estimate of all his household goods, carpets, stoves, library, beds and bedding, all his horses and carriages and furniture and utensils about the house, only amounted to $806.50 ; but what he should have had or the widow should have to put her in keeping with the former life of her husband, would be $7,075—a most remarkable result, indeed. Then some of the items—eight bedsteads and beds, $60—and yet the widow was estimated to be entitled to $1,000 in same, and in final report $2,200. The other items in a measure correspond with this one cited. What faith could the court put in such reports and appraisements as these? While the statute with respect to widow's awards should be liberally construed, yet the allowances should be within the bounds of reason, and the construction given should be reasonable. While there are no creditors here, it appears that there are three minor children to be affected.

See Strawn v. Strawn, 53 Ill. 263. We regard this case as an authority against the claim of appellant. The household and kitchen furniture, beds and bedding on hand at the time of the husband's death would presumably be sufficient to keep up the establishment after his death. It is not shown that the house was not sufficiently furnished at the time of the husband's death, nor is it shown that any additional beds were necessary. As to the sufficiency or correctness of the other items of the appraisement or award it is unnecessary to express an opinion, as a new one must be made out by the same or some new appraisers to be appointed by the County Court. The point made that the court erred in ordering the judgment of the County Court to be affirmed, is not well taken; the Circuit Court, if it will, may adopt the order of the County Court.

Besides, the order is that the appraisement and award be set aside. It is all that it need be. Perceiving no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*