**In the matter of the Estate of Vaclav Bastl, Deceased, Josie Simek, Administratrix, Appellee, v. Anna Urban, Appellant.**

### Gen. No. 15,123.

ADMINISTRATION OF ESTATES—*nature of appeal affecting widow's award.* An appeal from an order confirming the report of appraisers as to a widow's award is not a suit at law to be tried on the short cause calendar.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed January 6, 1911.

FOSTER, BRADLEY & STETSON and MORTIMER L. SAMPLYNER, for appellants.

NOVAK & POLLACK, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

On an appeal to the Circuit Court by the next of kin from an order confirming the report of appraisers as to a widow's award, the issue as to the proper amount was submitted to a jury, on a call of the short cause calendar, over the protest of the appellant and a personal judgment was entered on the verdict against appellant and in favor of the administratrix.

A year later and after this appeal was perfected this judgment was set aside and a judgment entered fixing the widow's award at the amount of the jury's verdict to be paid in due course of administration.

These judgments must be reversed.

The entire proceedings in the Circuit Court were erroneous. The appeal from the order of the Probate Court was not a suit at law to be tried on the short cause calendar. The appellant was therefore justified in not offering any evidence on that trial.

In Miller v. Miller, 82 Ill. 463, at 470, the Supreme Court says:

"While the statute does not, in express words, require that this estimate of value by the appraisers should be approved by the court, in order to give it binding force as such, it has long been the practice to do so, and it seems very appropriate that it should be so.

"The county court, from its general powers in supervising the administration of estates, has the power, for cause shown, to set aside an appraisement bill, or a report of appraisers making out and certifying to that court an estimate of the value of the items of property mentioned in the statute as 'the widow's award,' and to order the appraisers to consider the subject again, and make another appraisement bill, or another estimate of the value of the items allowed by statute to the widow as the widow's award, and for cause shown, the court might remove the appraisers and appoint other appraisers, and charge them with these duties. But, while the county court has this supervisory authority, it has no power to revise and *modify* the appraisement bill or the appraisers' estimate of the value of the property allowed as the widow's award. The county court has no power to substitute the judgment of the court for the judgment of the appraisers, for the statute has made the estimate of the appraisers effective, and not an estimate made by the county court. As well might the circuit court, where a verdict of a jury has been returned, take up the verdict and revise and modify it, and enter this modified verdict as the verdict in the case.

"The form of the judgment in the county court in this case is, 'that said award be approved, and that it be paid to said Kate L. Miller, widow of said decedent, in due course of administration.' The issue tried in this case was made upon objections interposed by appellant against the approval of the award, which was, in substance, a motion or application on the part of appellant for an order of the county court setting aside the award, and the judgment, in substance, is a judgment refusing to set the same aside.

"When the case came to the circuit court by appeal,

the circuit court could not properly exercise any power in the case save that which the county court could and should have done. The Circuit Court, properly, could only have ordered the estimate of the appraisers to be set aside, or have refused to make such order."

The judgment rendered in the Circuit Court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

MR. JUSTICE BALDWIN took no part in the decision of this case.