Mostoller v. Gove, 188 Ill. App. 215.

## Lincoln F. Mostoller, Appellant, v. Jennie Gove, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 21*—*power of administrator with will annexed.* An administrator with the will annexed has no power to sell real estate by virtue of the will.

2. COURTS, § 94*—*jurisdiction of County Court.* The County Court has no general chancery jurisdiction, and is without jurisdiction where trusts or investments of the estate are involved.

3. COURTS, § 94*—*jurisdiction of County Court to execute a trust.* Since the County Court has no jurisdiction in the management or execution of a trust, it is without jurisdiction to entertain a petition by an administrator with the will annexed to have a certain fund derived from a sale of the real estate invested and the income paid to the widow in lieu of a life annuity provided by the will and an antenuptial contract.

4. APPEAL AND ERROR, § 26*—*jurisdiction of Circuit Court on appeal from County Court.* The Circuit Court on an appeal from the County Court has no greater or other authority or jurisdiction than was vested in the County Court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed July 2, 1914.

**Statement by the Court.** Lincoln F. Mostoller, administrator with the will annexed of Harvey W. Gove, deceased, filed a petition in the County Court of Tazewell county alleging that on October 29, 1898, Harvey W. Gove, entered into an antenuptial contract with Jennie Cress, in contemplation of a marriage between them, which provided that should the marriage take place Jennie Cress should received annually, so long as she lived the widow of Gove, the sum of $500, to be paid by the executors or administrators of Gove, which provision is in lieu of dower, widow's award and every claim except homestead in the estate of Gove; that Gove was to provide Jennie Cress with a homestead costing $2,500, or more, and if she should survive Gove she is to have the use of it during her life, she taking care of it and paying all taxes; that Gove and Jennie Cress were thereafter married and Gove died testate January 13, 1905; that his will was admitted to probate; that it directs the payment of his debts, recites the antenuptial contract and marriage and directs its provisions to be carried out by semiannual payments as specified in the contract, and gives to the widow the use of a horse, furniture, etc., so long as she remains his widow, in addition to the provisions of the contract; that it directs that $1000 be invested at interest, the proceeds to be used towards paying a pastor's salary, and that $50 be invested, the proceeds of which annually are to be used in caring for a cemetery lot, and "if the proceeds of my estate each year amount to more than enough to pay the above claims" the balance be turned over to his heirs. The will appointed Jennie Gove and another party executors.

The executors resigned and the petitioner was appointed administrator. The petition recites that the administrator is desirous of closing up the estate and

of paying Jennie Gove a gross sum in lieu of her $500 annuity, and that petitioner had endeavored to come to an agreement with her for the payment of a gross sum or the purchase of an annuity but had been unable to make any agreement with her.

Jennie Gove answered the petition admitting the antenuptial contract, the making of the will and the death of Gove, and denies that she can be compelled to receive a gross sum in lieu of the provisions of the contract, and insists that the contract and will make her annuity under the contract a lien on the estate, and that under the will only the residue of the income annually remaining after the payment of her annuity is to be divided. The answer states that Lulu G. Mostoller, the wife of the petitioner, is the only heir of the estate, and the only right she has in the estate until the death of defendant is the right to the residue of the income after the annual payments have been made in accordance with the antenuptial contract and said will, and insists that the County Court has no jurisdiction in the matter in controversy.

The County Court made an order that $15,000 of said estate be set aside to purchase first mortgage bonds to be approved by the court, from the income of which the administrator pay the annuity to Jennie Gove, and the balance of the income therefrom annually to Lulu G. Mostoller during the lifetime and widowhood of Jennie Gove, and at her death or marriage that he pay the principal to Lulu G. Mostoller. Jennie Gove appealed from the order of the County Court to the Circuit Court, where on a hearing the petition was dismissed. The administrator has appealed to this court.

WELTY, STERLING & WHITMORE and W. R. CURRAN, for appellant.

JESSE BLACK, JR., for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The evidence shows that the estate consists of the homestead, worth about $4,000 which the appellee is in possession of and entitled to as long as she remains the widow of the testator, together with farm lands in Kossuth county, Iowa, of the value of $16,000, farm land in Livingston county, Missouri, of the value of $8,000 and about $2,000 of personal estate which is loaned out by the administrator.

The will gives the executors power to sell and convey real estate necessary to carry out the provisions of the will. An administrator with the will annexed has no power to sell real estate by virtue of the will. *Frackelton v. Masters,* 249 Ill. 33. By the will of the deceased and the antenuptial contract, a trust is created to last during the life or widowhood of Jennie Gove. *Harris v. Ferguy,* 207 Ill. 534; *Ingraham v. Ingraham,* 169 Ill. 470.

The County Court under the Constitution and the statute has jurisdiction in all matters of probate and settlements of estates. While it exercises equitable as well as legal powers in the settlement of estates of deceased persons, yet it exercises only such equitable jurisdiction under equitable rules and principles as is necessary for the allowance of claims of an equitable nature. The County Court has not general chancery jurisdiction and is without jurisdiction where trusts or reinvestments of the estate are involved. It was said in *Re Estate of Mortenson,* 248 Ill. 520: "The settlement of an estate, in legal significance and common understanding, is the process by which letters testamentary or of administration are granted, assets collected, claims allowed, debts paid, real estate sold if necessary for the payment of debts, and the property distributed to those who are entitled to it by the laws of descent or by the will. Such settlement has no relation to the manage-

ment or execution of trusts, which are either entirely independent of the administration of the estate by the executor or administrator to the same extent that a devise of real estate is independent of such administration, or, if the trust is in the residue of property committed to the executor, can only become operative after the settlement of the estate is completed and the trustee receives the property from the executor. * * * The supervision and control of trusts, based on the fact that they are created by will, are not embraced within the words *'probate matters.'* "

The prayer of the petition if granted in effect would be a direction to the administrator as a trustee, authorizing a sale of real estate and the investment and reinvestment of the funds in the management of a trust estate under the direction of the County Court. In such matters County Courts have no authority or jurisdiction. *In re Estate of Mortenson, supra; Frackelton v. Masters, supra.*

The Circuit Court on an appeal from the County Court has no greater or other authority or jurisdiction than was vested in the County Court. *Miller v. Miller,* 82 Ill. 463. The County Court, by making the order it made, was undertaking to make a new contract and will for the testator. It did not have any authority or jurisdiction to make the order prayed for, and the Circuit Court did not err in dismissing the petition. The order of the Circuit Court is affirmed.

*Affirmed.*