In re Estate of James Albert Shanks, a Minor.
In re Petition of Reba Shanks Harris, Appellee, v. The
Vermilion County Building Association et al.,
Appellants.

Gen. No. 8,899.

Opinion
filed October 10, 1935.

CHARLES TROUP, of Danville, for appellants.

WILBUR R. WICKS, of Danville, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

On August 22, 1933, Reba Shanks Harris, guardian of James Albert Shanks, a minor, filed her verified petition in the probate court of Vermilion county in which she alleged that on March 15, 1932, she invested $5,000 in the Vermilion County Building Association, which was represented by a certificate of stock issued March 15, 1932, being certificate No. 378, Series 154, Class E, for 50 shares at $100 a share; that the interest on said investment was past due and had not been paid and it represented the entire estate of said minor; that said association had advised petitioner that it was unable to pay the interest upon said investment, or any part thereof, and she is advised that said investment so made by her as aforesaid is an unlawful investment and that she had no right as guardian of said estate to invest said funds as aforesaid, and that said investment was contrary to the provisions of the statute of the State of Illinois.

That petitioner had said funds invested in said association since the year 1924, and that she had used the interest on the same for the support and maintenance of her ward, and is unable to pay the expenses of her ward and to maintain and support and educate him unless the interest is paid; that she did not secure an order of court authorizing said investment, and that it would be for the best interest of her ward that such certificate be canceled and the Vermilion County Building Association be ordered to reimburse petitioner and pay her the amount of the said certificate in full and that she be allowed to reinvest said funds under the proper directions of the court in accordance with the statute in such case made and provided. Petitioner prayed that the court enter an order authorizing and directing her to cancel the shares of stock, as aforesaid, and deliver the certificate to the Vermilion County Building Association upon payment to her of the sum of $5,000, together with lawful interest thereon, and that said Vermilion County Building Association be directed and ordered to reimburse and pay petitioner said sum of $5,000 with interest, which represents trust funds so held by it as aforesaid and belonging to said estate.

The probate court of Vermilion county made and entered an order on said petition, which, after reciting the presentation of the petition and the allegations contained in the same, found that all of the material facts set forth in the petition were true; and further specifically found from an inspection of the record and files in said estate that no order of court was entered at any time authorizing the petitioner, as guardian of said estate, to invest said funds in said association; that the guardian had no lawful right to invest said funds in the building association stock as was done in this case, and that the investment is unlawful and contrary to the provisions of the statute of the State of Illinois; that it would be for the best interest of said

estate and of said ward that said certificate of stock be canceled, and that the Vermilion County Building Association be ordered and directed to reimburse the petitioner, as guardian of said estate, in said sum of $5,000.

The court further found that the funds so received by the Vermilion County Building Association from said guardian represent trust funds belonging to said minor, and that said association was holding the same as trustee and that the petitioner was entitled to the relief prayed for in the petition.

The court ordered that said guardian be authorized and directed to cancel said shares of stock, as aforesaid, issued by the Vermilion County Building Association, upon payment to her by said association of the sum of $5,000 with lawful interest and the Vermilion County Building Association and its officers and directors were ordered and directed to cancel said certificate of stock and to pay to Reba Shanks Harris, guardian, said sum of $5,000 immediately, together with lawful interest thereon, which amount represents trust funds belonging to said estate and which are now held by said association and its officers and directors as trustee for said estate.

On September 5, 1933, said Reba Shanks Harris, guardian, filed her verified petition in the probate court of Vermilion county, alleging that on August 22, 1933, she secured an order authorizing and directing her as guardian to cancel certain shares of stock, being paid up stock issued by the Vermilion County Building Association, upon payment to her by said association of $5,000 together with lawful interest; that said Vermilion County Building Association and its officers and directors were ordered and directed in and by said order to cancel said certificate of stock and to pay to petitioner, as guardian, the sum of $5,000 with lawful interest thereon.

She further alleged that said sum of $5,000 so invested in said Vermilion County Building Association represented trust funds placed in said association by the petitioner as guardian, and that said funds were so invested upon the solicitation of certain of the officers of the association, and no order of court was entered at any time authorizing her as such guardian to invest said funds in said association; that said investment so made in said association was made contrary to law, and said association and its officers and directors knew that the funds represented guardian's funds and that the investment was contrary to the provisions of the statute; and further alleged that said association and its officers and directors neglected and refused to cancel said certificate of stock, and refused to pay petitioner, as guardian, said sum of $5,000 together with lawful interest thereon, or any part thereof, although requested by petitioner so to do; that petitioner is unable to obtain any money whatever from said association although willing and ready and has offered to deliver said certificate to said association for cancellation upon payment to her of the amount represented thereby; that the refusal of the association to cancel such certificate of stock and to pay your petitioner the amount represented thereby is contrary to the provisions of said order and constitutes a contempt of this court, and that, unless said order is obeyed, petitioner has no funds whereby to clothe, educate and support her said ward; that said Vermilion County Building Association and its officers and directors should be cited into court to show cause, if any, why they are not in contempt of court and why said order should not be obeyed.

Petitioner prayed that a citation be issued against the said Vermilion County Building Association and Thomas J. Cossey, its president, E. W. Cass, its vice

president, G. Haven Stephens, its treasurer, Charles Troup, its attorney, M. L. Coutant, its secretary; and A. E. Dale, John K. Holmes, J. M. Schull, Ben G. English, C. F. Barton, Joseph H. Barnhart and H. E. Parker, directors of said corporation, to appear before this court and show cause, if any, why they are not in contempt of the court for their failure to obey said order as aforesaid, and that the court fix a day for the hearing upon said citation.

The clerk issued a citation directed to the sheriff of said county to serve and directing him to summon the Vermilion County Building Association and the persons named in the prayer of the said petition to be and appear before said probate court at the courthouse in Danville on the 25th day of September, 1933, at 9 o'clock a. m., to show cause, if any, why they are not in contempt of court for their failure to obey the order of the court entered on the 22nd day of August, 1933, wherein the Vermilion County Building Association and its officers and directors were ordered and directed to cancel said certificate of stock and to pay Reba Shanks Harris, guardian, the said sum of $5,000 immediately, together with lawful interest thereon, which said writ was duly served by the sheriff of said county upon the persons named therein.

The Vermilion County Building Association entered its special appearance and moved the court to dismiss the petition for citation and the citation proceedings for the following reasons:

1. That this court has no jurisdiction of the person of this respondent.

2. That this court has no jurisdiction of the subject matter of the petition for citation.

3. That the petitioner's right of action, if any she has, is not in the probate court in such a proceeding as this but is by a plenary action in an ordinary suit of law.

4. That under the circumstances and facts shown in the petition the probate court is without jurisdiction to try the questions raised by said petition.

A special appearance and motion was filed by the other respondents setting forth the same grounds as were contained in the motion of the Vermilion County Building Association.

On January 9, 1934, the court overruled the motions of said respondents. The Vermilion County Building Association and Thomas J. Cossey and others, respondents, answered said petition. The answers of respondents admitted that the persons named in the petition were the president, vice president, treasurer, secretary and attorney of said association, and averred, among other things, that they were not notified of the hearing had by the probate court on the petition of said guardian for an order of the probate court authorizing the guardian to cancel said certificate and withdraw the money value of the same and were not present at said hearing, and were not served with any summons notifying them to be present at said hearing, and had no opportunity to be present and be heard at the hearing on said petition when said order was made by the court.

That the probate court has no jurisdiction in a summary proceeding to require said building association to pay said guardian the amount so originally invested by her in said shares of stock or to enter a judgment against said association for the same; and further averred that the probate court had no jurisdiction of the subject matter of such proceeding.

On July 16, 1934, the probate court entered an order in said citation proceeding in which was recited the entry of the order of August 22, 1933, authorizing and directing said guardian to cancel certain shares of stock in the Vermilion County Building Association and directing said association and its officers and direc-

tors to cancel said certificate of stock and pay said guardian the sum of $5,000, with lawful interest thereon; that said association and its officers and directors have not paid said amount as provided by said order; that the facts alleged in said petition are true and that the equities of this cause are with the petitioner, and that the court has full and complete jurisdiction of the parties and the subject matter of this cause, and having heard the testimony of witnesses and being fully advised, finds that said guardian invested $5,000 in said Vermilion County Building Association, which was represented by a certificate of stock, and that said sum so invested represents trust funds invested in said association by the guardian herein and that no order of court was entered authorizing said guardian to invest said sum in said association; that said investment so made is an illegal investment and is contrary to the provisions of the statute of the State of Illinois; that said association and its officers and directors are holding said funds as trust funds belonging to said estate, and it is necessary for the proper administration of said estate that said funds be returned to the guardian.

The court ordered said association to pay Reba Shanks Harris, guardian, within 20 days the sum of $5,258.07, which amount represents the balance due, including principal of $5,000 with interest thereon after deducting the credits on said investment heretofore paid by said association; that said other respondents, officers, directors and attorney of said association (naming them) take any and all of the necessary steps in order to cause, aid or assist the said association to pay said judgment; that respondents pay the costs in this citation proceeding.

An appeal was taken from the order and judgment of the probate court to the circuit court of Vermilion county. A motion was made by respondents in the circuit court to dismiss the petition for citation on the

ground that the probate court had no jurisdiction of the subject matter of the petition for citation and the circuit court on appeal was without jurisdiction. The court overruled this motion and proceeded to hear said cause upon the petition for citation and the answers of respondents thereto, which among other things challenged the jurisdiction of the probate court both as to jurisdiction of the persons and subject matter of the petition for citation.

After reciting the proceedings had in the probate court and finding that it had jurisdiction of the parties and of the subject matter of said cause, and making findings of facts similar to those contained in the order of the probate court, it ordered that Reba Shanks Harris, guardian, do have and recover from the Vermilion County Building Association judgment in the sum of $5,355.92, and ordered said association to pay the same within 20 days from the filing of the order, and also ordered the other respondents to take all necessary steps in order to cause said association to pay the same, and ordered the respondents to pay the costs of said citation proceeding and retained jurisdiction of said cause for the purpose of enforcing said judgment.

It is insisted by appellee that sections 52 and 53 of the Guardian and Ward Act, Cahill's St. 1933, ch. 64, ¶¶ 54 and 55, give ample authority for the procedure taken in this case. These sections are identical with sections 81 and 82 of the Administration Act and should receive a similar construction.

The remedy given by said sections 81 and 82 is not applicable to the collection of a debt. *Hansen v. Swartz,* 345 Ill. 609; *Johnson v. Nelson,* 341 Ill. 119; *Sullivan v. Arcola State Bank,* 314 Ill. 40. Since the amendment of said section 81 in 1925, the purpose of the section as amended, apart from the recovery of books of account, papers or instruments of title, and the obtaining of information, is to recover possession

of specific property, or if converted, its proceeds or value. *Johnson v. Nelson, supra.* The purpose of sections 52 and 53 of the Guardian and Ward Act is the same.

The Vermilion County Building Association has no specific property in its possession, nor the proceeds or value derived from the conversion of any specific property. Reba Shanks Harris, guardian, purchased the original stock in 1924, and received the certificate therefor dated September 27, 1924, and upon receiving the payment of interest each year a new certificate was issued, the last being issued on March 15, 1932.

It is also claimed by appellee that Reba Shanks Harris, guardian, was a trustee and that the property of the ward is trust property, and that it was acquired with full knowledge by appellants of the nature of the funds and that the probate court has power to require delivery of property by citation where property involved is trust property.

It also appears from the findings of the circuit court that it rendered judgment against respondents on the theory that trust funds were involved and that respondents had obtained possession thereof knowing that the same were trust funds and that the guardian of said minor had no legal authority to invest in the stock of said association; that it and its officers could be compelled to account for the same and that the probate court of Vermilion county had jurisdiction to compel such accounting.

Although this is an appeal from the circuit court of Vermilion county, entered in an appeal case from the probate court of said county, it might not be out of place to consider the proceedings had in the probate court for the reason that the circuit court on appeal could only exercise such jurisdiction as the probate court had in the subject matter of the litigation. *Chapman v. American Surety Co.,* 261 Ill. 594; *Miller v. Miller,* 82 Ill. 463; *Mostoller v. Gove,* 188 Ill. App. 215.

On appeal from the probate court the general jurisdictional power of the circuit court is limited and circumscribed to the same jurisdictional subjects as that of the probate court. *Howard v. Swift,* 356 Ill. 80.

The jurisdiction of probate courts is fixed by section 20, article 6, of the Constitution, and by the act to establish probate courts, approved April 27, 1877, passed in pursuance thereof. The act of April 27, 1877, in providing for the establishment of probate courts conferred jurisdiction on said courts in the exact language of the constitution. *People v. Seelye,* 146 Ill. 189.

Such courts are given original jurisdiction of all probate matters, settlement of estates of deceased persons, appointment of guardians and conservators and settlements of their accounts; all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts. The jurisdiction is limited by the Constitution to the particular subjects named, and there is no general clause, as there is in respect to county courts, which authorizes the legislature to extend the jurisdiction of probate courts to subjects other than those specifically enumerated. *Frackelton v. Masters,* 249 Ill. 30; *First State Bank of Steger v. Chicago Title & Trust Co.,* 302 Ill. 77.

Such courts have no general equitable jurisdiction but can only exercise equitable power within the zone conferred by the constitution. *Howard v. Swift, supra; In re Estate of Mortenson,* 248 Ill. 520; *Frackelton v. Masters,* 249 Ill. 30; *Chapman v. American Surety Co.,* 261 Ill. 594; *Dingman v. Beall,* 213 Ill. 238; *Hannah v. Meinshausen,* 299 Ill. 525.

If sections 52 and 53 of the Guardian and Ward Act give to the probate court power to hear and determine the matter presented by the petition of the guardian filed in this cause on August 22, 1933, to find and determine from a consideration of the evidence that the money in question was trust funds held by Reba

Shanks Harris, guardian, in trust, that the Vermilion County Building Association was holding the same as trustee, to render judgment therefor, to require the payment of the same to said guardian in 20 days, to declare said association in contempt if it refuse to comply with such order and to punish it for such contempt and compel the payment of said money to said guardian, then said sections confer upon the probate court power that has never been held to exist in a court that does not have general chancery jurisdiction, and would render the act unconstitutional so far as such power is conferred. Any legislative acts which attempt to extend the jurisdiction of probate courts beyond that conferred by the constitution are violative of the constitution. *Howard v. Swift, supra.* No intention of giving to probate courts general equity jurisdiction can be attributed to the legislature by the enactment of said sections. It is one of the oldest heads of chancery practice to execute and control trusts and trust funds. *Hopkins v. Granger,* 52 Ill. 504; *Maguire v. City of Macomb,* 293 Ill. 441.

When the probate court entered the *ex parte* order on the petition of the guardian, on August 22, 1933, authorizing the guardian to cancel the shares of stock held in the building association and ordering the Vermilion County Building Association and its officers and directors to cancel the certificate of stock and to pay to said guardian $5,000 and interest immediately, it is not even claimed that said association or its officers and directors had any notice of the filing of said petition or of the time fixed for the hearing thereon.

It is a fundamental principle applicable to all proceedings, whether common law, chancery or statutory, that a person must have an opportunity of being heard before a court can render judgment against him. *Hansen v. Swartz,* 345 Ill. 609, 616; *Leininger v. Reichle,* 317 Ill. 625.

When the Vermilion County Building Association and other named respondents in said citation writ appeared in the probate court in response thereto and entered their special appearance and moved the court to dismiss the petition for citation and the citation proceedings for the reason that the court had no jurisdiction of the persons of the respondents, nor of the subject matter of the petition, the court should have granted said motion. A judgment or decree entered by a court, in the absence of jurisdiction of the person to be affected thereby or of the subject matter of the litigation, is a nullity.

The probate court not having authority to require respondents to show cause, if any they might have, why they should not be punished for a contempt of that court for a failure to comply with the *ex parte* order entered on August 22, 1933, for the reason that it neither had jurisdiction of the persons or of the subject matter of said proceeding, it follows that the circuit court is likewise without jurisdiction to compel respondents to show cause, and the judgment entered against them was erroneous.

Neither the probate nor circuit courts had authority to enter an additional judgment against said respondent, the Vermilion County Building Association, in said citation proceeding.

A petitioner, to recover at all, must do so on the case made by the petition, and will not be permitted to state one case in the petition and make a different one by the proofs. Even though the evidence may make a meritorious case, if it is variant from the case made by the petition the petition should be dismissed.

Neither the probate nor circuit court made any finding in relation to the charge of contempt or any order in relation to the enforcement of the order of the probate court, mentioned in the petition of the guardian for citation in the contempt proceedings, and the proof

offered does not correspond with the allegations of the petition.

The decree of the circuit court of Vermilion county is reversed and the cause remanded with directions to dismiss said petition for citation.

*Reversed and remanded with directions.*