# Nettie Spero, Defendant in Error, v. H. O. Shapiro, Plaintiff in Error.

## Gen. No. 15,652.

FORCIBLE ENTRY AND DETAINER—*who may maintain.* A vendee who has become the equitable owner of the premises may maintain forcible entry and detainer even though the legal title has not been conveyed to him.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

ISAAC LANDSBERG, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Nettie Spero, brought an action in the Municipal Court of Chicago in forcible detainer to recover possession of certain described premises then occupied by Shapiro, and to recover $20 rent from him. A trial was had by the court without a jury, and it resulted in a finding and judgment in favor of defendant in error for possession of the property and for the $20 sued for. Shapiro, plaintiff in error, seeks a reversal of this judgment in this court, apparently upon the general ground that the finding and judgment are against the law and the evidence, though the brief filed in his behalf does not clearly state the points upon which a reversal is asked.

From the record it appears that in October, 1908, one Louis Papenberg, being then the owner of the premises in question, leased them to Shapiro for one year at a monthly rental of $20, and Shapiro went into possession. During the term of this lease, and on the 26th of March, 1909, Papen-

berg (his wife joining), and defendant in error, Nettie Spero, entered into a written contract by which she agreed to buy, and he to sell and convey the premises to her, upon terms in said contract mentioned, it being provided that, when $800 had been paid in conformity with the terms of the contract, Papenberg was to execute and deliver to her a war-ranty deed and take back a trust deed to secure the remain-ing payments. Upon this contract, and at its date, Nettie Spero paid $400 in cash. Five days later and on the 31st of March, Papenberg (by Krane & Sons, his agents), wrote to plaintiff in error, Shapiro, as follows:

"Dear Sir:
This is to notify you that Mrs. Nettie Spero is entitled to collect the rents of you for the month of April, 1909, and thereafter."
$20."

Upon the trial, it appeared from the testimony of Papen-berg that he had sold the premises as above mentioned, and that Mrs. Spero was to have possession and all rents from April 1st, and that he authorized Krane & Sons, as his agents, to write the letter above referred to; that he saw Shapiro in the early part of April, and told him that he had sold the premises to Mrs. Spero, and that the rents would have to be paid to her.

Papenberg's wife testified also that she was present at the conversation, and heard her husband inform Shapiro that all rents due and to become due were to be paid to Mrs. Spero.

On the 7th of April, 1909, Nettie Spero served a five days' notice upon Shapiro, demanding possession of the prop-erty for non-payment of the $20 rent due for April, and on the 13th began the suit. At the trial Shapiro testified that he owed and had not paid the April rent, and he admitted that Mrs. Spero had been at his house demanding the rent. He also testified that he knew she had purchased the premises and had been informed by Papenberg that all rents were pay-able to her.

The only testimony on the part of Shapiro was that of his lawyer, Landsberg, who testified that he had practiced for two or three years in New York, and was acquainted with the records in the recorder's office, and had examined them with a view of ascertaining the ownership of the property in question, and, upon such examination, he found that the record title to the property was in Papenberg, and that Mrs. Spero held title to that property by a contract for a warranty deed.

Though it is not altogether clear, yet it seems to be the contention of plaintiff in error, that Mrs. Spero, under the evidence shown, was not entitled to the right of possession of the property, and, therefore, could not maintain the action.

Aside from the other testimony in the case bearing upon the right of Nettie Spero to the possession of the property, it should be noted that the written contract between herself and Papenberg made express provision that the deferred payments therein set out should bear "interest from April 1, 1909," and the contract further provided that in the event of her failure to make the payments therein referred to, Papenberg and wife "shall have the right to re-enter and take possession of the premises," and of this Shapiro, through his attorney, had notice.

The foregoing statement of facts has been made very full, in order clearly to show why in our judgment the action of the court below was proper. Under the circumstances disclosed in this case we think it clear that the defendant in error, Nettie Spero, had such title and right to possession as to sustain her contention as plaintiff in the Municipal Court. It has been held that, where land is sold upon credit, the vendor may execute and deliver a contract for a conveyance upon the payment of the purchase money, and if this is done, the vendor holds the land as security for the payment of the purchase money, and that where real estate was thus sold by contract and the vendee let into possession, the premises become, in fact, the property of the vendee, subject to the lien of the vendor for the unpaid balance of the purchase money.

In this case, on or after April 1, 1909, the relation of Nettie Spero to the property in question was that of a vendee who, by the vendor, is let into possession, and she was, therefore, the equitable owner of the premises (subject only to the lien of the vendor for the unpaid purchase money), and entitled to the possession and rents of the property. Wright v. Troutman, 81 Ill. 374; Smith v. Price, 42 Ill. 399.

Finding no reversible error in the action of the court below, the judgment will be affirmed.

*Affirmed.*