**Ellen E. Brinkerhoff et al., Appellees, v. Thomas S. Huntley and James H. Brinkerhoff, Appellants.**

**Gen. No. 6,920.**

1. COURTS—*priority of jurisdiction of courts in which suits brought.* A bill filed by a widow to compel the completion by defendant of a contract to purchase land which was made with her husband in his lifetime and alleging that a certain bank as the trustee had failed to bring proceedings to compel completion of such contract, the bank and all the heirs, devisees and legatees being made parties, together with a cross-bill filed by the bank, *held* insufficient to include anything but the specific performance of the contract and not to give the court jurisdiction over matters pertaining to the estate generally so as to give the court prior jurisdiction as to such matters over the court of another county in which a prior suit was brought by beneficiaries under the will for an accounting by the trustee and asking that the circuit court take over the administration of the estate, and praying for an injunction restraining the widow from interfering with the possession, control and custody of the property of the estate and from prosecuting any suits to recover such possession and control.

Brinkerhoff v. Huntley et al., 223 Ill. App. 591.

2. INJUNCTION—*when courts of this State should not interfere with pending litigation in sister States.* The courts of this State should not interfere with pending litigation in sister States when some of the parties are not residents of this State and have not been personally served with process of our courts nor submitted themselves to the jurisdiction thereof.

3. EQUITY—*what relief may be granted under general prayer.* The relief which may be granted under the general prayer of a bill in equity must be such as the complainant may be found entitled to under the allegations of fact made in the bill and the proof in support thereof.

4. ACTION—*effect of consolidation of suits.* Where several bills brought in McHenry county involving certain phases of the controversy between the widow and the beneficiaries under a will were not, separate · or taken together, sufficiently comprehensive to cover the relief sought by a bill brought in Kane county which prayed for an injunction, the consolidation of such suits with a suit to enjoin the parties from moving in the Kane county suit and from commencing further suits in the State would not have the effect of depriving the court of Kane county of the jurisdiction in the matter which it acquired by the prior suit commenced therein.

5. INJUNCTION—*what not ground for restraining hearing of all questions properly arising under bill sought.* That a bill filed in one county seeks to take over the entire administration of an estate and to prevent the courts of another county from administering thereon is no ground for restraining the court in which such bill was filed from hearing all questions which can properly arise under the bill.

6. COURTS—*power of one circuit court to supervise judgments and decrees of another.* The circuit court of one county in this State has no power to supervise the judgments and decrees of circuit court of another county.

7. INJUNCTION—*when one circuit court cannot enjoin another from proceeding with hearing of suit.* Where the circuit court of one county acquired jurisdiction of the parties and the subject-matter of a suit before the filing of a bill in another county, it cannot be enjoined by the court of the latter county from proceeding with the hearing of such suit.

8. CEMETERIES—*fee title to lot as remaining in original grantors.* The fee title to a lot in a public cemetery remains in the original grantors, the holder of the lot acquiring no interest in such fee.

9. TRUSTS—*venue of suit for settlement of trust.* Where a demand for a settlement of a trust forms the basis of a suit, it is properly brought against the trustee where it resides and has its principal office although none of the real estate involved is there situated.

10. TRUSTS—*formal order of transfer of funds not necessary when executor becomes trustee.* Where the duties of an executor are completed and his duties as trustee begin, he holds the funds as trustee and not as executor and no formal order of transfer from the executor to the trustee is necessary.

11. TRUSTS—*county court as without power to remove trustee.* The constitution of this State gives no power to county courts in the management of trust estates and such a court has no power to remove a trustee.

12. EXECUTORS AND ADMINISTRATORS—*county court as without power to remove executor having duties as trustee.* Where the powers and duties of a trustee and executor are so intermingled that the removal of the executor would operate as a removal of the trustee, the county court would be powerless to remove the executor because of his duties as trustee and, therefore, resort must be had to a court of equity.

13. WILLS—*renunciation of will by widow as having no extraterritorial force.* While the renunciation of the will by a widow will operate to give her one-half of the real and personal property in this State after the payment of testator's debts, such renunciation will have no extraterritorial force.

14. WILLS—*right of residuary legatees to resist widow's attempts to obtain estate.* It is neither fraudulent nor unlawful for residuary legatees of an estate to resist diligently every effort of the widow to get all she claims she is entitled to out of the property belonging to the estate and located in another State and to resist her efforts to so modify the terms of a trading agreement as to such property that existed between her husband and another as would give her benefits at the expense of themselves and other devisees.

15. EXECUTORS AND ADMINISTRATORS—*priority of jurisdiction of courts in which suits brought.* A suit in equity, begun in one county by the beneficiaries under a will against the trustee bank which was located in that county, asking for an accounting and that the court take over the administration of the estate and praying for an injunction restraining the widow from interfering with the estate, gave the court of that county jurisdiction as against the court of the county in which testator lived and died and in which his estate proper was being administered and in which a suit by the widow subsequently was brought to restrain the court of the first county from proceeding in the matter.

Appeal from the Circuit Court of McHenry county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded with directions. Opinion filed November 2, 1921. Rehearing denied May 3, 1922.

JOHN K. NEWHALL, for appellants; JOHN M. RAYMOND, of counsel.

JOSLYN & JOSLYN and HENRY P. HEIZER, for appellee Ellen E. Brinkerhoff; A. D. EARLY, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

This case involves the same bill of complaint as is involved in *Brinkerhoff v. Huntley, ante,* p. 580, and decided at the present term of this court. The opinion filed in that case quite fully sets forth the allegations of said bill, and it is therefore unnecessary to repeat them here. However, we will make such additional statement concerning the allegations as is necessary for a proper understanding of the questions here involved. The appellants in this case are Thomas S. Huntley and James H. Brinkerhoff, legatees and devisees under the Brinkerhoff will of 9/30ths and 11/30ths respectively of the estate after certain specific legacies have been deducted and they are also residuary legatees and devisees under the will. The circuit court of McHenry county granted a temporary writ of injunction restraining them from moving in a certain suit or bill in chancery in the Kane county circuit court filed by them in that court and from commencing any further suits in law or chancery or otherwise in any court in the State of Illinois affecting the lands and real estate of Abram B. Brinkerhoff and from further prosecuting any suit pending and from commencing any other or further suit at law or in equity or otherwise in any jurisdiction outside of the State of Illinois affecting any of the lands and real estate, particularly the real estate of said deceased Brinkerhoff in South Dakota and certain timber-claim leases described in the bill of complaint.

The bill of complaint of appellants in Kane county was filed and the injunction was issued seventeen days prior to the date of the filing of the said bill in Mc-

Henry county and alleges that the Home Trust & Savings Bank as executor and trustee under the will of Brinkerhoff, deceased, is a banking corporation doing business in and is a resident of the City of Elgin in Kane county, Illinois; that the said Thomas S. Huntley, complainant, is also a resident of Kane county and that James H. Brinkerhoff, the other complainant, is a resident of Cook county, Illinois; that the complainants were beneficiaries under the Brinkerhoff will; that by reason of the renunciation of the provisions of the will by Ellen E. Brinkerhoff, widow of said testator, their rights as beneficiaries became accelerated and that they are entitled to an accounting with the trustee; that all of the debts and claims against the estate of Brinkerhoff had been fully paid excepting a small claim of about $300, concerning which there is some dispute; that all the duties devolving upon the Home Trust & Savings Bank as executor have been practically completed; that the Home Trust & Savings Bank as trustee has in its possession a large amount of property which should be distributed among appellants and the other beneficiaries of the trust estate under the will; that the said Ellen E. Brinkerhoff, because of her renunciation of the provisions of the said will, is not only claiming one-half of the real and personal property located in the State of Illinois which remained after payment of all just debts and claims against said testator, but is making claim to a larger portion of the testator's property situated in South Dakota than she is entitled to and that her claims as to the property in British Columbia are not admitted by the other devisees but are disputed; that she claims that the property in South Dakota and in British Columbia should be treated as the personal estate of the testator and should be brought into the jurisdiction of Illinois courts for distribution; that she has instituted in the county and circuit courts of McHenry county a large

number of suits; that this suit is brought to avoid the harrassing occasioned by a multiplicity of suits brought by her against them and other defendants; that said Home Trust & Savings Bank, trustee as aforesaid, declines and refuses to make an accounting with the complainants because, as it claims, it is uncertain and is not advised as to the exact share each of the devisees and legatees is entitled to under said will and because of said renunciation by the widow. The complainants further allege that there had been an intermingling of the accounts of the bank as trustee and as executor; that a court of chancery should take over the administration of the estate in order to determine the rights and interests of appellants in the trust fund and for the purpose of making distribution thereof; the bill asks for a construction of the will in order that the rights and interests of the respective parties may be determined thereunder; that the trustee be decreed to make conveyance to the several beneficiaries of the property held by it in trust; that the additional inventories as to the Brinkerhoff properties in South Dakota and British Columbia as filed in the county court of McHenry county may be declared to be null and void; that W. P. Hoy, as administrator to collect under appointment of the county court of McHenry county, be decreed to have no right to or interest in any of the properties now under the possession or control of the Home Trust & Savings Bank as executor or as trustee; that said bank be required to exhibit to the Kane county circuit court a report of all its acts and doings as such trustee and of the properties in its possession belonging to the trust estate; that a full and complete accounting of all matters and things connected with the administration and settlement of said estate may be had under the direction of the court in order to fully ascertain the trust fund and the beneficiaries and their proper distributive shares; that a receiver be ap-

pointed, when necessary, to take possession of all property herein involved and to hold and administer the same under the direction of the court and that the complainants may have such other and further relief as equity may require. The bill also prays for a writ of injunction to restrain the said Ellen E. Brinkerhoff from in any manner interfering with the possession, control and custody of any of the real or personal property belonging to the estate of Abram B. Brinkerhoff, deceased, and which was then in the possession of the bank as executor and trustee, and from prosecuting or maintaining any suits to recover such possession or control until the further order of the court. Pursuant to the prayer of the bill a temporary injunction was granted by the circuit court of Kane county and, as before stated, seventeen days thereafter appellee filed her bill for injunction and relief in the circuit court of McHenry county and a temporary injunction restraining appellants from prosecuting their said bill in Kane county was thereupon granted. Thereafter appellants moved to dissolve said temporary injunction and the motion was overruled. The appellants bring this cause here on appeal.

The decision we reached in *Brinkerhoff v. Huntley,* *ante,* p. 580, above referred to, is decisive of all questions involved concerning the right of appellees to enjoin the pending litigation in South Dakota. There is no good reason assigned why complete and adequate justice cannot be done in the courts of British Columbia in reference to the so-called timber leases. Whether they be realty or personalty, the courts of British Columbia have the exclusive right of determining. It should be remembered that this litigation is not wholly between residents of Illinois. There are devisees and legatees who are nonresidents of this State and two of whom are under legal disability. We are of the view that our State courts ought not and moreover have

never sought to interfere with pending litigation in sister States when some of the parties are not residents of Illinois and have never been personally served with process of our courts and have not submitted themselves to the jurisdiction of our courts.

It is contended by appellees that at the time of the filing of the Kane county bill the McHenry county circuit court already had jurisdiction of the parties and of the subject-matter sufficiently to give adequate relief to all the parties as to the things complained of in the Kane county bill. This contention is largely based upon the situation as it exists under what is known as the "Dorr farm bill." This last-mentioned bill was filed in the circuit court of McHenry county by the appellee Ellen E. Brinkerhoff in the year 1919, almost a year before the Kane county bill was filed, for the purpose of compelling the appellant, Thomas S. Huntley, to complete the purchase of what is known as the "Old Homestead farm" and the "Dorr farm" both located in McHenry county and which the said Huntley had contracted to buy from Abram Brinkerhoff in his lifetime and upon which contract Huntley was, at the time of the filing of said bill, owing the sum of $32,173.00. The bill in the Dorr case alleged that the Home Trust & Savings Bank as trustee had failed to bring proceedings to complete the said contract of purchase and therefore she, the said Ellen E. Brinkerhoff, brought the suit. To this proceeding the Home Trust & Savings Bank as trustee and all the heirs at law, devisees and legatees of the said Brinkerhoff were made parties. The bill in the "Dorr farm" case contains no allegations whatever in relation to the general administration of the estate of Brinkerhoff by the executor or trustee. It makes no complaint of the acts of the executor or trustee other than in relation to its failure to compel Huntley to complete his purchase of the above-mentioned farms. It makes no allegations concerning the different contentions of the interested parties involving the proper

construction of the Brinkerhoff will or of the legal effect of the widow's renunciation of the will or of any claims made by her as to her rights and interests in the whole of said estate, and particularly of her demands for the proceeds of sale of property interests in South Dakota and British Columbia. It contains no prayer for relief concerning any of these matters. While it is true the bill contains a prayer for general relief, its allegations can support nothing except its prayer for specific relief, that is to say, to compel specific performance by Huntley of his contract of purchase. The Home Trust & Savings Bank as trustee and executor filed a cross-bill in the "Dorr farm" case in which it was alleged that the said widow had accepted money and payments under the provisions of the will, thereby electing to take under the will, and her attempt at renunciation of it was ineffectual in law and that her rights in said estate are those which were given to her under the will. The cross-bill further alleges that it will be necessary for the court to determine whether such renunciation is effective or not so that when the estate is finally settled all questions relating thereto will be finally disposed of so that such cross complainant will be fully advised as to how the estate is to be distributed. The prayer of the cross-bill asks that the defendant Huntley be required to account to the cross complainant; that he be required to pay to said cross complainant what may be found to be due under the contract of purchase; that upon his making such payments sufficient deeds of conveyance be made conveying to him the lands described in the said Dorr farm bill and for general relief. It is impossible for us to understand how it can be seriously contended that the allegations and prayer in these bills, in the "Dorr farm" case, are broad enough to include anything else than specific performance of the contract of purchase by Huntley from Brinkerhoff of the said two farms.

It is a well-settled rule of equity procedure that the relief which may be granted under the general prayer must be such relief as the complainant may be found entitled to under the allegations of fact made in the bill and the proof in support thereof. (*Langlois v. People*, 212 Ill. 85.) The relief sought by the complainants in the Kane county suit is clearly beyond the scope of the Dorr farm bill and the said cross-bill.

When the Kane county bill was filed there were pending in the circuit court of McHenry county, including the Dorr bill, six different proceedings involving some phase of the controversy among the bene-. ficiaries under the will, the executor, the trustee and W. P. Hoy, the administrator to collect, who had been appointed by the county court of McHenry county upon its order of removal of the Home Trust & Savings Bank as executor. These suits had not then been consolidated but were separate and distinct proceedings. Part of them were appeals from and certiorari to the county court of McHenry county which had no jurisdiction in the settlement of trust estates. But, regardless of this fact, none of these proceedings nor all of them put together were sufficiently comprehensive either in allegations or prayer to grant the relief or any considerable portion of it sought by the complainants in the Kane county bill. These proceedings in McHenry county were consolidated with the McHenry county bill for injunction after the last-mentioned bill was filed. But we fail to see how such alleged consolidation can operate to deprive the Kane county circuit court of the jurisdiction which it had acquired seventeen days before the filing of the McHenry county injunction suit. The Kane county bill was the first bill filed which asked any court of competent jurisdiction for an accounting and settlement of the trust estate. That relief appears to be the primary object of the bill. No proceeding had been filed in the McHenry county circuit court up to that time in

which an accounting and settlement with the trustee had been asked or even contemplated.

Appellees insist that under the Kane county bill it is sought to have the Kane county circuit court take over the administration of the entire Brinkerhoff estate and to deprive the McHenry county courts from administering thereon. Even if this be true, it constitutes no ground for restraining the Kane county circuit court from hearing all questions which can properly arise under the bill filed therein. At this time it is not for us to say whether or not the McHenry county courts can be so deprived of their right to administer. That question must be first settled by the circuit court of Kane county upon a hearing. It may be admitted that no such right of deprivation exists. Still, this is no reason why the circuit court of McHenry county should enjoin the circuit court of Kane county from proceeding to settle a trust estate. The circuit court of one county in this State has no power to supervise the judgments and decrees of a circuit court of another county. The Kane county bill may pray for relief as to a number of different things to which the complainants are not entitled but can it be said that, because it does, the circuit court of McHenry county can assume to take jurisdiction away from it and restrain it from determining the other matters over which it has jurisdiction?

The Kane county bill asks that the order of the county court of McHenry county removing the Home Trust & Savings Bank as executor and appointing W. P. Hoy as administrator to collect be nullified and that the said administrator to collect be restrained from endeavoring to perform any duties in reference to said estate. It is not necessary for us to express our view at this time as to whether or not the circuit court of Kane county has the right to grant any such relief. But conceding that it has no right to interfere with the orders of the county court of McHenry

county or with the appeal therefrom, nevertheless, the McHenry county circuit court has no right to restrain the Kane county circuit court from entertaining a bill to settle the accounts of a trustee because the bill prays for some relief which the court cannot grant. It is not to be assumed that the Kane county court will grant any relief to the complainants to which they are not entitled. The Kane county court has the right to entertain a bill filed by a *cestui que trust* living in that county and against a trustee also living there for an accounting which the trustee, as it is alleged, ought to make and refuses to make because of its uncertainty as to the proper construction of the will under which it acts and because of its doubts as to the rights and interests of the several beneficiaries and because of the dispute concerning the legal effect of the widow's renunciation of the will. The Kane county circuit court acquired jurisdiction of the parties and of the subject-matter before the filing of the bill in McHenry county, and it cannot be enjoined by the circuit court of another county from proceeding with a hearing of such suit.

It is further claimed that the circuit court of Kane county can have no jurisdiction of the subject-matter of the bill filed there because none of the real estate of the deceased Brinkerhoff (except a cemetery lot) is located in Kane county and that the third section of our Chancery Act (Cahill's Ill. St. ch. 22, ¶ 3), provides that if a suit may affect real estate, it shall be commenced in the county where the same or some part thereof is situated. It is conceded that the holder of a lot in a public cemetery acquires no interest in the fee. The fee title remains in the original grantors. *McWhirter v. Newell*, 200 Ill. 589; *Brown v. Hill*, 284 Ill. 286. It should be remembered that the principal object of the Kane county bill is to compel an accounting and settlement by the trustee. Brinkerhoff by his will had devised and bequeathed almost his entire

estate valued at approximately one million dollars to the Home Trust & Savings Bank of Elgin, Kane county, Illinois, as trustee, giving it very comprehensive discretionary powers as to the management and control of the estate, directing that the income therefrom should be paid to his widow during her natural life and that the trustee should manage and control the estate for 5 years thereafter and then make a distribution among certain beneficiaries, chief of whom are the appellants here. The said bank was also named as executor under the will. The widow elected to renounce the benefits of the provisions made for her under said will and thereafter claimed an undivided one-half interest in all property of which her husband died seized and possessed after the payment of his debts and the administration expenses. She is claiming a settlement with the trustee upon such a basis. Her claims are resisted by the appellants, who insist that her said renunciation has no extraterritorial force, that the effect of her renunciation is to accelerate the bequests of the other legatees and devisees under the will and that while she is entitled to one-half of the real and personal property in Illinois she can take nothing of the property claimed by her in South Dakota and British Columbia except that which she would take under the provisions of the will. They claim that conveyances should be made to them of the interest or share in the Brinkerhoff estate to which they are entitled under the will and that it is the duty of the trustee to make such conveyances. The trustee being in doubt as to these adverse claims of the beneficiaries has refused to make a distribution or to make such conveyances. Hence the suit in Kane county was brought. It is true that the complainants seek a construction of Brinkerhoff's will, a determination of the rights and interests of the parties in real and personal property and an adjudication of the legal effect of the widow's

renunciation of the provisions made for her under the will. Yet these are but necessary incidents to an accounting and settlement with the trustee concerning the trust estate. In order for the court to provide proper relief in respect to an accounting and settlement with the trustee, it would necessarily settle the rights of the parties before it in reference to the trust estate created by the will. It is this demand of complainants for a settlement of the trust that forms the basis of the suit; and where such is the case the suit is properly brought against the trustee in the county where it resides and has its principal office. The rule is well established that where land is to be affected by a decree, as in a partition proceeding, assignment of dower and foreclosure of mortgage or other liens, such proceeding must be instituted where the land or some portion thereof is situated, but where it is sought to settle the rights of parties with respect to some contract, conveyance, trust or fraudulent conduct even though the proceedings may affect real estate as an incident, the proceedings are *in personam* and may be instituted against the trustee in the county where he resides although none of the real estate is there situated. This question is conclusively settled in *Bevans v. Murray*, 251 Ill. 603.

At the time the Kane county suit was filed, the vast estate of Brinkerhoff was held by the bank as trustee and not as executor. Under the second clause of the Brinkerhoff will the Home Trust & Savings Bank of Elgin, Illinois, was devised and bequeathed all of the rest, residue and remainder of property of every kind and wherever situated after the payment of all of the just debts and funeral expenses of the testator, as trustee to control, manage, improve, conserve and protect; and it is expressly stated in said clause that quite a portion of such property consists of real estate which requires handling, holding and developing to bring out its best value. Under the twenty-fourth

clause the said Home Trust & Savings Bank was named as executor. The estate of Brinkerhoff had been practically settled at the time of the filing of the bill in Kane county. Only one small claim remained to be adjusted. It is therefore apparent that almost the whole of this large estate was being held by the bank as trustee. Its duties as executor had been virtually completed. There was nothing left to be done outside the settlement of this one claim except to make proper conveyances and distribution. A fair interpretation of the will leads to the conclusion that it was the testator's intent for the bank to hold his property in trust after the time allowed by law for the settlement of his estate and until 5 years after the death of his widow. Where the duties of an executor are completed and his duties as trustee begin, he holds the funds as trustee and not as executor, and no formal order of transfer from the executor to the trustee is necessary. *Fenton v. Hall*, 235 Ill. 552.

It cannot be properly argued that because the county court of McHenry county had entered an order removing the Home Trust & Savings Bank as executor, the said bank was deprived of any or all its powers and duties as trustee. The bank has appealed from that order and the appeal is pending and undetermined. It has the custody of the trust fund and was the proper party to sue for an accounting. While there may be very considerable doubt about the right of the circuit court of Kane county to take over the administration of an estate of a deceased resident of McHenry county, there is no doubt about a county court having no power to remove a trustee. The constitution of this State gives no power to county courts in the management of trust estates. In *Wylie v. Bushnell*, 277 Ill. 484, on page 507 of the opinion, the Supreme Court of this State has said: "In a case where the powers and duties of the trustee and executor are so intermingled that removal as trustee

would be ineffective if he were allowed to continue as executor, it has been held that a court of equity may restrain him from continuing to act as trustee, although this necessarily would restrain him from acting as executor.'' By analogy it would appear that where the powers and duties of a trustee and executor are so intermingled that the removal of the executor would operate as a removal of the trustee, then the county court would be powerless to remove the executor because of his duties as trustee and therefore resort must be had to a court of equity.

As a further reason showing that the suit was properly brought in Kane county because it involves the settlement of a trust estate, it may be said that although the renunciation of the will by the widow operated to give her one-half of the real and personal property in Illinois after the payment of the testator's debts, such renunciation had no extraterritorial force. As to property located in South Dakota, she admits that she must take under the provisions of the will unless she can have it brought into Illinois, however it is not at all clear that any of the property outside of Illinois has been stripped of the trust even so far as she is concerned, but on this question we express no opinion.

It is contended by appellees that their bill is predicated upon fraud alleged therein. Although a motion to dissolve a temporary writ of injunction operates as a demurrer and upon the hearing all the material allegations of the bill which are well pleaded must be taken as true, still, we are unable to say that the acts and doings complained of by appellees constitute fraud. It is no doubt true that both of the complainants in the Kane county bill have diligently resisted every effort of Ellen E. Brinkerhoff to get all she claims she is entitled to out of the property located in South Dakota and British Columbia, but it must be remembered that they are residuary legatees and

that their interests are adverse to hers. She must fully understand this. We feel the thing she has complained about are the things she might expect to be done by her adversaries. It is neither fraudulent nor unlawful for appellants to resist her efforts to so change and modify the terms of the trading agreement between her husband and Adams that it will give her benefits at the expense of themselves and other devisees. Whether or not the property in question is realty or personalty is a matter in which the appellants are vitally interested, and it is not wrong for them to submit their contentions to the courts of the State or dominion which have a right to determine the character of the property located within their respective boundaries. It is not morally wrong for them to insist upon their contention that a local renunciation of a will by a widow has no extraterritorial force. It is not improper for a legatee or devisee entitled to a very considerable portion of a testator's estate to sue in his own county a trustee also living there for an accounting when the trustee refuses to make a distribution either because of an unwillingness to distribute or through fear of making an improper distribution on account of uncertainty as to a proper construction of the terms of the will or of the legal effect of the widow's renunciation of the will. The bank was both executor and trustee. It had performed practically all of the active duties incumbent upon it as executor. It was acting in the capacity of trustee and needed no formal order of transfer from the executor to the trustee to clothe it with all the powers and functions of a trustee. The beneficiaries had a right to call upon it at its home for an accounting and, if it refused, they had a right to sue it there. It cannot be said that because appellants did sue the trustee in its home county they were guilty of any fraud upon the appellees or any of them. The appellants, as well as the bank, were being har-

rassed by a large number of suits instituted in McHenry county. They were vitally interested in the proceedings in foreign jurisdictions and we readily understand that their bill in chancery was the logical result of Ellen E. Brinkerhoff's conduct in instituting numerous legal proceedings and in making large claims against the estate of her husband which appellants believed to be unwarranted and unjust. We think that the circuit court of McHenry county exceeded its lawful jurisdiction in enjoining the pending suits in South Dakota and British Columbia; we hold that the circuit court of Kane county had acquired jurisdiction over the subject-matters of the bill filed there and which involves substantially the same subject-matters as are set forth in the McHenry county bill; that the circuit court of Kane county acquired prior jurisdiction of such subject-matters and that the effect thereof is to deprive the McHenry county court of the right to assume and take jurisdiction over the same subject-matters. We therefore conclude that the chancellor of the McHenry county circuit court erred in granting the temporary writ of injunction; that the motion to dissolve such temporary writ should have been granted.

The cause is reversed and remanded to the circuit court of McHenry county with directions to enter an order dissolving such temporary writ.

*Reversed and remanded with directions.*

Dibell, P. J., specially concurring. I do not wish to be considered as holding that under ordinary circumstances the execution of a testamentary trust can be carried into a court of equity in a county other than that in which the testator lived and died and in which his estate proper is being administered, but under the circumstances of this case I conclude that the Kane county bill was properly filed in the county where the trustee bank was located when the testator appointed it and still is located.