George C. Dixon, Trustee Under the Last Will and Testament of Kate B. Steward, Deceased, Appellant, v. Ernest M. Nefstead and Fred Bennett, Appellees.

Edgar C. Cook, Appellant, v. Ernest M. Nefstead, Appellee.

Gen. No. 9,053.

464

filed May 15, 1936.

ROBERT L. BRACKEN and H. C. WARNER, both of Dixon, for appellant.

EDWARD E. WINGERT, of Dixon, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

George C. Dixon, trustee under the last will and testament of Kate B. Steward, deceased, instituted a forcible detainer proceeding against Ernest M. Nefstead and Fred Bennett to obtain possession of a certain tract of land in Lee county, Illinois. This suit was begun on April 1, 1935, before a justice of the peace and subsequently appealed to the county court of Lee county. Prior to that time and on March 14, 1935, Edgar C. Cook had also instituted a forcible detainer proceeding against said Ernest M. Nefstead in a justice court to obtain possession of certain other lands in Lee county. This case was also appealed to the county court and in that court the cases were consolidated and upon a hearing before the court a

judgment was rendered for the defendants and from that judgment this appeal has been prosecuted.

It appears from the record that Kate B. Steward died March 4, 1932, leaving a last will which was proven and duly admitted to probate in the county court of Lee county on April 18, 1932. By the terms of her will she nominated Bertha Steward her executrix and provided that in the event Bertha Steward did not survive the testatrix, that then she nominated the People's Loan and Trust Company of Rochelle, Illinois as her executor. The evidence discloses that Bertha Steward predeceased the testatrix and that the trust company was closed and in the process of being liquidated at the time of Mrs. Steward's death, and Martin D. Barnett was by the county court of Lee county duly appointed administrator with the will annexed and letters were issued to him on April 18, 1932.

On October 1, 1917, the testatrix leased one of the tracts of land involved herein to appellee, Ernest Nefstead, the tenancy to begin on March 1, 1918 and end on March 1, 1919. Mr. Nefstead continued to occupy the land year after year under the provisions of the lease and was so occupying the land at the time of Mrs. Steward's death. On May 11, 1932, Barnett, as such administrator, petitioned and obtained an order from the county court authorizing him to rent the lands belonging to the decedent and on August 30, 1932, he leased this tract and another tract also involved herein to Nefstead for a term of two years commencing March 1, 1933, and ending March 1, 1935. Sometime after March 1, 1935, Barnett orally leased the same premises to Nefstead under the same arrangements that had previously existed and he was so in possession of the premises at the time these proceedings were instituted.

On September 8, 1933, Ruth Ravnass, a niece of Mrs. Steward, filed her complaint in the circuit court

of Lee county invoking the jurisdiction of that court and asking for the appointment of a trustee to sell the real estate and carry out the provisions of Mrs. Steward's will. Barnett, as administrator, was made a party defendant as were also the heirs, legatees and other interested parties. Barnett, as administrator, entered his appearance and filed an answer and later a cross-bill, which was afterwards amended. Subsequently one of the residuary legatees, the Berry Schools, a corporation, by leave of court, became a party plaintiff and the complaint was amended, answers were filed and after the issues had been made up, a final decree was entered on January 24, 1934.

This decree recites that it is a consent decree so far as the adult parties thereto are concerned and then after finding the usual jurisdictional facts, finds, among other things, that on March 4, 1932, Kate B. Steward died testate, that her will was duly admitted to probate, that the said Martin D. Barnett had been duly appointed administrator with the will annexed by the county court of Lee county and that as such administrator he was without power to sell and convert the real estate (which is fully set forth and described in the decree) into cash for the purpose of carrying out the terms of said will. The decree then set forth the pertinent paragraphs of Mrs. Steward's will, by the eighth paragraph of which she directed that her entire estate should be converted into cash and after such conversion it should be divided equally between three charitable institutions, The Agard Deaconess Rest Home of the Methodist Episcopal Church, Lake Bluff, Illinois, The Lake Bluff Orphanage and The Berry Schools of Mount Berry, Georgia. The decree then found that a trust exists in said estate, subject to legal claims and costs of administration, that the existence of said trust is not dependent upon the termination of probate proceedings, that a trustee should be appointed to control and manage the lands,

pay the taxes, collect the rents and that the trustee should be vested with title to all the lands subject to the probate proceedings in the Kate B. Steward estate and should be authorized and directed to sell and convert the same into cash and pay out the proceeds in accordance with the terms of the last will of Mrs. Steward. The decree then found that the said Martin D. Barnett, administrator with the will annexed of the estate of Kate B. Steward, deceased, has no right to the possession or control of, or to collect the rents from any part of the real estate in the decree described, and appointed appellant, Dixon, trustee under the will of Kate B. Steward, vested him with legal title to all of said real estate and directed him to sell the real estate at public or private sale, subject to the approval of the court. The decree also directed the trustee to rent the real estate for not to exceed one year, collect the rents, pay the taxes, make the necessary repairs, manage the property, keep the buildings properly insured and take any necessary steps to obtain possession of said property and oust anyone illegally in possession, employ counsel, and after the conversion of the property into cash, that then the trustee pay the specific legacies and divide the remainder as directed by the will of Mrs. Steward.

The evidence further discloses that on August 24, 1934, Dixon, as trustee, entered into an agreement with appellant, Edgar C. Cook, by the provisions of which he agreed to sell to Cook and Cook agreed to buy one of the tracts of land involved herein. It further appears from the evidence that on September 10, 1934, appropriate notices were served on Nefstead and on Bennett, who was, as we understand the record, in possession of one of the tracts of land under Nefstead, to vacate said premises on March 1, 1935, and not having done so, these proceedings were instituted.

There is no question upon this record as to the sufficiency of the notices or service thereof for terminating the tenancies of appellees. Counsel for both parties agree that the only question presented by the record for determination is a question of law and that is whether appellants, at the time their suits were instituted, were entitled to possession of the premises described in their complaints? Appellants contend that Barnett, as administrator with the will annexed, had no power to manage or control the real estate owned by Mrs. Steward at the time of her death, other than to sell the same for the payment of her debts; that the will of Mrs. Steward created a trust, that the decree of the circuit court appointing appellant Dixon trustee was properly entered, that the defense interposed herein is a collateral attack upon that decree and cannot prevail, that the order entered by the county court authorizing Barnett to manage the real estate involved herein is void and without force and effect as it purports to grant him powers commensurate with that of a trustee and this could only be done by the circuit court, and such powers were granted to appellant by the decree of the circuit court in the proceedings to which Barnett was a party and as appellees claim under him, they are likewise bound by that decree. It is the contention of appellees that the nature, extent and kind of trust fund which appellant Dixon was decreed to administer and control cannot be definitely ascertained until the final report of Barnett, the administrator with the will annexed, has been filed and approved by the county court, and that until that is done, he, Dixon, is a trustee *de son tort,* without any power to take possession of said real estate and hence since the estate of Mrs. Steward is still pending and unsettled in the county court, all the acts of Dixon, as trustee, are premature, void and of no effect. Appellees fur-

ther insist that as to the right of appellant Cook to institute this suit that the evidence discloses he has not fully complied with his contract of purchase and until he has he is not entitled to a deed and not being entitled to a deed he is not entitled to recover possession of the property described in his complaint.

Counsel for appellees argue that appellees never were tenants of appellants, but that they are tenants of Martin D. Barnett, administrator, and that, in leasing to appellees, Barnett acted under the authority of the county court, that the trustee has no right to anticipate that certain property will not be required for administrative purposes and that it is unprecedented for a trustee to act as such until administration has terminated and cite *Rahe v. Jobusch,* 197 Ill. App. 200; *Fenton v. Hall,* 235 Ill. 552; *Brinkerhoff v. Huntley,* 223 Ill. App. 591; *Wylie v. Bushnell,* 277 Ill. 484, and *Teater v. Salander,* 305 Ill. 17. We have examined these cases but in our opinion they do not sustain appellees' contention and are not applicable to the facts disclosed by this record.

Martin D. Barnett, as administrator with the will annexed of the estate of Kate B. Steward, deceased, took no interest in the real estate of the testatrix by virtue of that appointment. In *Harding v. LeMoyne,* 114 Ill. 65, it is stated that in the absence of an insufficiency of personal assets to pay the debts of the deceased, the administrator has no more to do with the real estate of the deceased than a stranger having no connection with the estate. In *Penn v. Fogler,* 182 Ill. 76, it was said: "The duties and powers which are imposed upon an executor as· a trustee are in the nature of a personal trust or confidence reposed in him by the executor and do not devolve upon the administrator with the will annexed, inasmuch as they can not be delegated." In *Frackelton v. Masters,* 249 Ill. 30, it appeared that the testator nominated his sons

executors of his will. They declined to qualify and Charles C. Frackelton was appointed administrator with the will annexed and subsequently filed a petition in the circuit court for the appointment of a trustee to sell certain real estate of the testator in accordance with the provisions of his will which directed his executors to sell his real estate and divide the proceeds thereof, together with accrued rents, to his children and grandchildren. In the course of its opinion the court said: ''Here the proceeds of the real estate were to be distributed by the administrator with the will annexed, under the terms of the will, among the devisees named therein, and this could not be done without converting the real estate into money, and as the administrator with the will annexed could not make a sale (*Nicoll v. Scott*, 99 Ill. 529; *Hall v. Irwin*, 2 Gilm. 176) the appointment of a trustee was necessary.'' This case also held that the Act of 1909 to extend the jurisdiction of probate and county courts to include the administration of testamentary trusts was invalid, and it has been frequently held that such courts have no general equitable jurisdiction but can only exercise equitable power within the zone conferred by the constitution. *In re Estate of Shanks,* 282 Ill. App. 1, and cases therein cited.

The will of Kate B. Steward created a trust and in a proceeding in the court which had exclusive jurisdiction of such cases, that court having acquired jurisdiction of the subject matter by proper petition and having acquired jurisdiction of all the interested parties, including Barnett, the administrator, as well as the heirs and devisees of the testatrix, and after a full hearing entered a decree on January 24, 1934, appointing appellant, Dixon, trustee and vesting the title to the real estate in controversy here in him. That decree then directed him as to his duties and in effect expressly authorized him to institute this proceeding.

The order upon which appellee relies was entered by the county court on May 11, 1932, upon the petition of Martin D. Barnett, administrator with the will annexed. This order found that it was, at that time, for the best interests of the estate that some person be authorized and appointed to manage the real estate and ordered that Barnett should have that power, that he should pay the taxes, including the 1931 taxes, should maintain the property in necessary repair, keep the premises insured, buy the necessary seed and employ the necessary labor, sell the produce and livestock and make leases or other arrangements for the rental of the real estate and that Barnett should continue in the capacity of manager until the further order of this court. Barnett was not appointed by Mrs. Steward's will to administer this trust, but was acting under appointment of the county court as administrator with the will annexed. The county court has no chancery powers and no authority to administer trusts. *McDonough v. Gage,* 357 Ill. 466; *Brinkerhoff v. Huntley, supra.* Under the authorities herein cited the circuit court has exclusive jurisdiction and the decree of the circuit court entered on January 24, 1934, which was a consent decree so far as Barnett was concerned, vested the legal title to the premises involved herein in appellant Dixon, and authorized and empowered him to institute and maintain the instant proceedings.

The evidence discloses that appellant, Cook, paid Dixon at the time of the execution of the contract of purchase the sum of $10,000 and by the agreement was to pay the balance of the purchase price, amounting to $18,000, on March 1, 1935, at which time he was to have possession of the property described in the contract. *Spero v. Shapiro,* 162 Ill. App. 603, holds that a vendee who has become the equitable owner of the premises described in his contract of purchase may

maintain forcible detainer even though the legal title has not been conveyed to him. We find it unnecessary however to pass upon that question, as the record discloses that no objection was urged in the trial court to appellant Cook's right to maintain this action.

We are clearly of the opinion that there is no merit in appellees' contentions and that under the undisputed facts as they appear in this record, appellants are entitled to recover possession of these premises and the lower court erred in rendering the judgment appealed from. That judgment is therefore reversed and this cause is remanded to the trial court with directions to render judgment for the plaintiffs below, appellants in this court.

*Reversed and remanded with directions.*