CHARLES C. FRACKELTON, Appellee, vs. HARDIN W. MASTERS et al. Appellants.

*Opinion filed February 25, 1911.*

1. EXECUTORS AND ADMINISTRATORS—*when administrator with the will annexed may file a petition to appoint trustee to sell land.* Where a will requires the executors to sell the residue of the testator's land not specifically devised and distribute the proceeds among named devisees, an administrator with the will annexed, who was appointed when the executors refused to act, may file a petition for the appointment of a trustee to make the sale, as he could not make it himself.

2. SAME—*refusal of executors to act revokes their powers as trustees arising by virtue of executorship.* Where the executors named in a will refuse to qualify, their powers as trustees, which devolve upon them by virtue of executorship, only, and not by express appointment as trustees, are revoked, and they have no power, jointly or severally, to sell real estate which the will directed should be sold by the executors.

3. COURTS—*the circuit court cannot be deprived of jurisdiction over trusts.* Under section 12 of article 6 of the constitution, providing that the circuit court shall have original jurisdiction of all cases in law and equity, the jurisdiction of the circuit court over the matter of appointing a trustee to sell real estate where the executor or trustee named in the will refuses or is unable to act, can not be taken from it and vested exclusively in other courts.

4. SAME—*extension of jurisdiction of county court does not deprive circuit court of jurisdiction.* The power of the legislature to confer upon the county court, under section 18 of article 6 of the constitution, "such other jurisdiction as may be provided for by general law," authorizes the legislature to give the county court jurisdiction over matters of which the circuit court has original jurisdiction but not to deprive the circuit court of jurisdiction.

5. SAME—*jurisdiction of probate courts is a limited one.* The jurisdiction of probate courts in Illinois is limited by section 20 of article 6 of the constitution to the particular subjects therein named, and there is no general clause (as there is in section 18 relating to county courts) which authorizes the legislature to extend the jurisdiction of probate courts to subjects other than those specifically enumerated.

6. SAME—*probate courts cannot be invested with jurisdiction over testamentary trusts.* The administration of testamentary trusts, which embraces all trusts created by wills, including perpetual trusts for charitable uses, which are excluded from the operation of the rule against perpetuities by virtue of the statute of 43 Elizabeth, chap. 4, which is in force in Illinois, constitutes a well established branch of equity jurisdiction, and is in no sense a "probate matter" such as is contemplated by the provision of the constitution relating to probate courts.

7. CONSTITUTIONAL LAW—*act of 1909, conferring jurisdiction on probate and county courts over testamentary trusts, is invalid.* The act of 1909, (Laws of 1909, p. 175,) to extend the jurisdiction of probate and county courts to include the administration of testamentary trusts, is unconstitutional in so far as such jurisdiction is conferred upon probate courts and cannot be sustained as to county courts, even though it would be valid if it applied to county courts alone, as it cannot be said the act would have been passed by the legislature had the probate courts not been included in its provisions.

CARTER and HAND, JJ., dissenting.

APPEAL from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding.

THOMAS D. MASTERS, for appellants.

FREEMAN O. R. BAKER, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Squire D. Masters died testate in Menard county on February 2, 1904, leaving him surviving his widow, Lucinda Masters, and Wilburn D. Masters, Hardin W. Masters and Minerva E. Vincent, his children, and Ralph V.

Rankin, Norma J. Rankin Callish, Alta I. Rankin and Earl M. Rankin, his grandchildren, his sole heirs-at-law. By his will, which was admitted to probate in the county court of Menard county, he gave absolutely to his widow all his personal property, subject to the payment of his debts, funeral expenses and a bequest of $800 to Hardin W. Masters, and devised to his widow the use of his real estate for life, and, subject to the life estate of his widow, gave in fee to Minerva E. Vincent and Wilburn D. Masters certain real estate. By paragraph 4 of his will he provided:

"*Fourth*—I will and ordain that the executors or executor, for the time being, of this my last will shall sell all the rest, residue and remainder of my real estate within two years after the death of my said wife, at public or private sale, for cash, or partly for cash and partly on credit, as to them shall seem best, and convey the same by good and sufficient deed or deeds of conveyance. And I hereby give, bequeath and devise all the proceeds of sale of such real estate, and all accrued rents thereon, after payment of all proper costs and expenses, as follows, to-wit: To each of my said children, Minerva E. Vincent, Hardin W. Masters and Wilburn D. Masters, one-fourth part thereof, and to each of my grandchildren, Ralph V. Rankin, Norma J. Rankin, Alta I. Rankin and Earl M. Rankin, being the children of my deceased daughter, Ann Rankin, one-sixteenth part thereof, the share of such of said grandchildren as shall be minors to be safely invested by my executors or executor at interest until they shall, respectively, become of lawful age, and then to be paid them, with accrued interest."

By a subsequent paragraph of his will the testator nominated and appointed his sons, Hardin W. Masters and Wilburn D. Masters, executors of his will, but the sons declined to qualify as executors and Charles C. Frackelton was appointed administrator with the will annexed. The sum of $478.07 in cash was received by the administrator and $80 in personal property, which personal property was

turned over to the widow and she released the balance of
her widow's award, and after the payment of all debts and
expenses against the estate there remained in the hands of
the administrator the sum of $153.47 for distribution. The
widow died on January 26, 1910, and on April 29, 1910,
Charles C. Frackelton, as administrator with will annexed,
filed a petition in the circuit court of Menard county for
the appointment of a trustee to sell the undisposed of real
estate of the said Squire D. Masters, in accordance with
the provisions of paragraph 4 of his will. The children,
grandchildren and tenants in possession of the real estate
were made parties defendant to the petition. The tenants
defaulted. Wilburn D. Masters answered and the other de-
fendants demurred. Their demurrer was overruled, and
the defendants who had demurred having elected to stand
by their demurrer, the court heard proofs in support of the
allegations of the petition, and entered a decree appointing
Charles C. Frackelton and Hardin W. Masters trustees,
required them to give bond in the sum of $30,000, and di-
rected them to make sale of said real estate under para-
graph 4 of the will and to bring the money into court for
distribution. The defendants, at the time the petition was
filed, were all adults. From the decree Hardin W. Mas-
ters, Minerva E. Vincent, Ralph V. Rankin, Norma J.
Rankin Callish, Alta I. Rankin and Earl M. Rankin have
prosecuted an appeal to this court.

It is first contended by the appellants that the appellee,
as administrator with the will annexed, did not have such
an interest in the real estate of the decedent as would au-
thorize him to file a petition for the appointment of a trus-
tee to sell said real estate. This court (*Stoff* v. *McGinn,*
178 Ill. 46; *Wenner* v. *Thornton,* 98 id. 156; *Mulligan* v.
*Lambe,* 178 id. 130; *Penn* v. *Fogler,* 182 id. 76;) has held
that an administrator with the will annexed may file a bill
for the appointment of a trustee to sell real estate where
the will imposed upon him some duty with reference to the

249—3

real estate which renders it necessary that a sale of the real estate should be made. Here the proceeds of the real estate were to be distributed by the administrator with the will annexed, under the terms of the will, among the devisees named therein, and this could not be done without converting the real estate into money, and as the administrator with the will annexed could not make a sale, (*Nicoll* v. *Scott,* 99 Ill. 529; *Hall* v. *Irwin,* 2 Gilm. 176;) the appointment of a trustee was necessary. The petition, therefore, was properly filed by the administrator with the will annexed.

It is next contended that Hardin W. Masters and Wilburn D. Masters had power to sell the real estate upon the death of their mother, as trustees, and that the appointment of a trustee was unnecessary. Hardin W. Masters and Wilburn D. Masters were nominated by their father as joint executors of his will, and were given power to sell real estate, for the purpose of dividing the proceeds arising therefrom, upon the death of their mother. They, however, failed to qualify and declined to act as executors. The power to sell real estate conferred upon them was as executors and not as trustees, and when they failed to qualify and declined to act as executors they were without power to sell real estate. When an executor fails to qualify, resigns or is removed, his power as trustee, which devolves upon him by virtue of his executorship, only, and not by express appointment as trustee to sell real estate, is revoked and he cannot act. (*Mullanny* v. *Nangle,* 212 Ill. 247; *Starr* v. *Willoughby,* 218 id. 485.) Hardin W. Masters and Wilburn D. Masters having failed to qualify as executors, were without power, jointly or severally, to sell the real estate of testator upon the death of their mother.

It is finally contended that the circuit court, sitting as a court of chancery, was without jurisdiction to appoint a trustee to make sale of said real estate, as the exclusive jurisdiction was vested in the county court of Menard county

to appoint such trustee, where the estate of Squire D. Masters was in the course of administration. The circuit courts of this State are given original jurisdiction "of all causes in law and equity," and those courts have heretofore in many cases appointed trustees to sell real estate in cases where the executor or trustee named in a will refused or was unable to act and it was necessary to sell the real estate to close the estate. That the circuit courts of this State have jurisdiction, in proper cases, to make such appointment there can be no question. The legislature, on June 14, 1909, passed an act which went into effect on July 1 of that year, entitled "An act to extend the jurisdiction of probate courts and county courts having probate jurisdiction so as to include the complete administration of testate estates." (Hurd's Stat. 1909, p. 698.) This act confers upon the probate courts and county courts exercising probate jurisdiction in this State, power to supervise and control all testamentary trusts created by original wills of deceased persons proved and admitted to probate in such courts, and in express terms the statute confers power upon such courts to appoint and remove testamentary trustees in cases like the one at bar, and in regard thereto to exercise full chancery powers.

Appellants contend that the foregoing act of the legislature is a constitutional and valid act, and that, properly construed, it confers exclusive jurisdiction on the county and probate courts of the State to administer testamentary trusts, and that by reason of said act the circuit court of Menard county was without jurisdiction to appoint a trustee and order a sale of the trust estate in accordance with the provisions of the will. Section 12 of article 6 of the constitution of 1870 provides that circuit courts shall have original jurisdiction of all causes in law and equity and such appellate jurisdiction as is or may be provided by law. Even if the act in question be valid, it could not be held to deprive the circuit courts of their original jurisdiction

under the constitution. In *Mapes* v. *People,* 69 Ill. 523, this court held that while the legislature had the power to confer concurrent jurisdiction over misdemeanors on the county court, it could not deprive circuit courts' of their original jurisdiction in that class of cases. The constitution, by section 18 of article 6, provides for the establishment of county courts, and confers original jurisdiction on them "in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, in all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law." The above section of the constitution does not specifically limit the jurisdiction of county courts to the particular subjects enumerated, but the legislature is authorized to confer jurisdiction over other classes of cases under the general provision which authorizes "such other jurisdiction as may be provided for by general law." In *Myers* v. *People,* 67 Ill. 503, this court held that under said clause of the constitution the legislature had the power to confer upon county courts concurrent jurisdiction with circuit courts in all matters, but it has never been held that extending the jurisdiction of the county courts under said section deprives the circuit court of its original constitutional jurisdiction. The act of 1909, if valid, would only have the effect of extending the jurisdiction in relation to testamentary trusts to county and probate courts concurrently with the circuit courts. In no event can appellants' contention be sustained on the theory that the jurisdiction of the county and probate courts is exclusive.

But we are clearly of the opinion that the act of 1909, which purports to confer general original jurisdiction on probate courts, is unconstitutional. Section 20 of article 6 of the constitution of 1870 relates to the organization of probate courts. That section is as follows: "The General

Assembly may provide for the establishment of a probate court in each county having a population of over 50,000, and for the election of a judge thereof, whose term of office shall be the same as that of the county judge, and who shall be elected at the same time and in the same manner. Said courts, when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." It will be observed that the jurisdiction of probate courts extends to "all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." The jurisdiction of probate courts is thus limited by the constitution to the particular subjects named, and there is no general clause, as there is in respect to county courts, which authorizes the legislature to extend the jurisdiction of probate courts to subjects other than those specifically enumerated.

The limited character of the jurisdiction of probate courts was passed upon by this court in *People* v. *Loomis,* 96 Ill. 377. That was a petition for a *mandamus* to compel the clerk of the county court of Cook county to receive and file a petition for the foreclosure of two mortgages which had been executed by a guardian upon his ward's land under the order of the court. The statute at that time provided that a foreclosure of such mortgages should only be made by a petition to the county court of the county in which the premises, or the major part thereof, are situated. After the execution of the mortgages in question, and in pursuance of the statute, passed in 1877, establishing probate courts in certain counties, a probate court was established in Cook county, and it was contended that the ju-

risdiction to entertain a petition to foreclose a mortgage was transferred by the establishment of a probate court to that court, and that the county court no longer could exercise jurisdiction conferred by the statute of 1869 in reference to the foreclosure of mortgages against guardians. This court held that the probate court, when established, was limited in its jurisdiction to the specific subjects enumerated in the constitution and that the foreclosure of such mortgages was not among the subjects over which the constitution gave probate courts jurisdiction; that the statute conferring such jurisdiction upon the county court had no application to the probate court, and that the county court was still the only proper forum in which such mortgages could be foreclosed, and this court awarded a *mandamus* to compel the county court to take jurisdiction of the foreclosure proceeding.

The statute of 1909 purports to confer upon probate courts and county courts original jurisdiction over the matter of testamentary trusts. The subject of testamentary trusts is very broad and comprehensive. It includes all trusts that are created by wills. Many of these trusts involve the administration of immense estates extending over long periods of time, and in case of charitable trusts they may be perpetual. Such trusts are not subject to the rule against perpetuities and are from their very nature inalienable. In England, owing to the unlimited powers of parliament, property devoted to a charitable trust can be taken by parliament and devoted to another trust or transferred to individuals, but in the United States, under the provision of the Federal constitution which prohibits any State from passing a law impairing the obligation of contracts, as interpreted by the *Dartmouth College case,* 4 Wheat. 518, charitable gifts cannot be destroyed. (Gray's Rule Against Perpetuities, sec. 589, *et seq.*) This court has frequently held that the statute of 43 Elizabeth, chap. 4, (known as the chapter of charitable uses,) is in force in Illinois and oper-

ates to exclude conveyances and devises for such uses from the operation of the rule against perpetuities. *Andrews* v. *Andrews*, 110 Ill. 223; *Santa Clara Female Academy* v. *Sullivan*, 116 id. 375; *Ingraham* v. *Ingraham*, 169 id. 432; *Abend* v. *Endowment Fund Commission of McKendree College*, 174 id. 96.

The administration of these perpetual trusts, which are usually created by wills, has always constituted one of the well established branches of equity jurisdiction. It cannot be said with any show of reason that their administration, and the questions arising concerning the same, are in any sense probate matters within the meaning of section 20 of article 6 of the constitution, and it is not pretended that they fall within any other class of subjects over which probate courts may exercise jurisdiction. "Probate matters," as used in the constitution, mean matters pertaining to the settlement of the estates of deceased persons. The administration of testamentary trusts has no more relation to the settlement of the estates of deceased persons than the foreclosure of mortgages executed by or in favor of the deceased, or bills for partition filed for the purpose of partitioning the real estate of the testator among those persons entitled thereto. If the legislature may transfer original jurisdiction to probate courts of testamentary trusts, it is difficult to see the limit of its powers in that regard. We are of the opinion that the legislature is without constitutional power to invest probate courts with this general equity jurisdiction. The legislature may, as we have already seen, extend the jurisdiction of county courts to any matter, either of law or equity. Had the act in question been limited to county courts, the constitutional objection already pointed out would not exist. The question, therefore, remains whether the act can be sustained as to county courts and held invalid as to probate courts. These two courts are mentioned in said act in the same section. The same sentence that purports to give jurisdiction to the one confers

it upon the other. The rule upon this subject is, that where an act is partly invalid under the constitution and other parts are valid, if the invalid part is in a different section or is so disconnected with the valid part that it may be rejected and the law given effect, that which is invalid will not render the whole act void. If the invalid part does not constitute such a substantial portion of the act as to furnish reasonable grounds for the belief that the legislature would have enacted the valid part regardless of the other, then the whole act will not be declared void. In the case before us we are of the opinion that the act would never have been passed if it had been known that it would fail in its application to probate courts. Probate courts can only be established in counties having a population of 50,000 or more. It is largely in the centers of wealth and population where testamentary trusts are created and administered. It is a fact which the legislature must be presumed to have known, that if this statute is upheld the greater portion of the business that would be transacted in the courts under it would be in the probate courts of the State and not in the county courts. This view leads us to conclude that one of the controlling purposes, if not the principal one, was to confer this jurisdiction upon probate courts. That part of the act being invalid, it is so essentially connected with the balance of the act that the whole act must be declared void.

The circuit court of Menard county was not without jurisdiction of this cause, and its decree will be affirmed.

*Decree affirmed.*

CARTER and HAND, JJ., dissenting: We do not agree with the majority opinion in this case for the reasons stated in the dissenting opinion in *In re Estate of Mortenson,* 248 Ill. 520.