**Oscar L. GREEN, Robert A. Green, Quentin L. Green and Alice Green, Plaintiffs-Appellees,**

v.

**Herschel S. GREEN and Madge Green, Defendants-Appellants.**

**No. 11568.**

United States Court of Appeals Seventh Circuit.

May 3, 1956.

G. William Horsley, L. H. Lenz, Springfield, Ill., for defendants-appellants.

Jackson R. Hutton, Danville, Ill., August F. Brandt, Grosse Pointe, Mich., for plaintiffs-appellees.

Before DUFFY, Chief Judge, and MAJOR and SCHNACKENBERG, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered July 15, 1955, denying defendants' motion to vacate and dissolve a preliminary injunction theretofore entered on May 25, 1955, and appointing a Master-in-Chancery to hear evidence and make a report relative to the issues in the case. The injunction sought to be vacated restrained defendants from further proceeding in or pursuing a suit then pending in the Circuit Court of Crawford County, Illinois, until the further order of the Court. The District Court, on January 26, 1954, had entered an order in the same proceeding, in which defendants' motion to dismiss and to abate the proceedings and for injunctive relief was denied. That order was in response to defendants' motion which sought a realignment of the parties which, if allowed, would have destroyed diversity jurisdiction, and which alleged that the District Court was without jurisdiction of the subject matter principally for the reason that prior jurisdiction of the parties and the *res* involved in the litigation had been obtained by the Circuit Court of Crawford County, Illinois.

On appeal by defendants from the order of January 26, 1954, this Court affirmed. Green v. Green, 218 F.2d 130. The Supreme Court denied defendants' petition for writ of certiorari. Green v. Green, 349 U.S. 917, 75 S.Ct. 606, 99 L. Ed. 1250. The nature of the litigation and a history of the proceedings which had taken place prior to the order there under attack have been adequately set forth in our previous opinion and need not now be repeated.

Subsequent to the rendition of our opinion certain proceedings took place in the Circuit Court of Crawford County wherein defendants were the moving parties. Amended as well as new reports were filed by Herschel Green as trustee of both of the estates involved.

The same defendant also moved that certain additional parties be made parties-plaintiffs and for an injunction restraining Oscar L. Green and other plaintiffs from further prosecuting the Federal Court action. The State Circuit Court, on May 18, 1955, entered its order which among other things recited that plaintiffs had "forced the said defendant, Herschel S. Green, through said suit to file a resignation with the United States District Court as such Trustee, but that the said Herschel S. Green has never resigned as Trustee in this Court nor as Executor under the Last Will and Testament of Martha Green, deceased." The order provided for the issuance of an injunction restraining and enjoining plaintiffs from further prosecuting the Federal Court action until the interest of the various parties had been determined by the State Court and until an accounting had there been completed. The order also denied plaintiffs' motion to dismiss the proceeding there pending.

Thereupon, an appeal was taken by Oscar L. Green to the Illinois Appellate Court for the Fourth District, which Court, on December 22, 1955, quashed the writ of injunction provided for by the order of the State Circuit Court, entered May 18, 1955, and reversed said order "in all respects." In re Green, 8 Ill.App.2d 264, 131 N.E.2d 553, 554. On March 15, 1956, the Supreme Court of Illinois, in case No. 33955, denied the petition of Herschel S. Green for leave to appeal from the decision of the aforesaid Illinois Appellate Court.

Plaintiffs contend that every issue advanced on the instant appeal has been adjudicated adversely to defendants either by this or the Illinois Appellate Court, or both. We think there is merit in this contention, although we must admit that we have difficulty in discerning the precise issues upon which defendants rely. Defendants' counsel by appearing for oral argument might have enlightened us on this score, but this he failed to do. The alleged "contested issues" as stated in his brief are embodied in a single sentence consisting of 21 printed lines and

are in such jumbled and disconnected fashion as to be of little, if any, aid.

In fact, defendants in their effort to escape the jurisdiction of the District Court have been driven from pillar to post and they are now at the end of the row. In their main brief filed on the instant appeal great reliance is placed upon the order of the State Circuit Court of May 18, 1955, by which plaintiffs were enjoined from proceeding in the Federal Court. That brief makes no mention of the fact that such order was reversed by the Illinois Appellate Court and is no longer of any effect. In the reply brief, however, it is stated concerning that decision, "The Defendants believe that that Court in not only vacating the injunction, but also dismissing the appeal and reversing the order adding additional parties plaintiff exceeded its jurisdiction, and Defendants believe that the Supreme Court of the State of Illinois will so hold." The brief further states, "It is obvious that if the order of the Appellate Court is final, there can be no further appeal, and the question of the issuance of the injunction is settled and *res judicata* for all further proceedings." The decision of the Appellate Court, of course, became final upon denial by the Supreme Court of the petition for leave to appeal.

■ The rule is well established that a Federal District Court with prior jurisdiction of a suit *in rem* may at its discretion issue an injunction to prevent any interference with its possession of the *res*, or its effectual determination of the issues, rights and remedies involved in the litigation. Kline v. Burke Construction Co., 260 U.S. 226, 235, 43 S.Ct. 79, 67 L.Ed. 226; Looney v. Eastern Texas R. Co., 247 U.S. 214, 221, 38 S. Ct. 460, 62 L.Ed. 1084. In fact, defendants in their reply brief concede "the right of the Federal Court to enjoin a proceeding in the State Court if it first obtained jurisdiction of the *res* and the case was a proceeding *in rem*." It is hardly open to doubt but that the Federal Court first acquired jurisdiction and

that the suit was *in rem*, with the *res* in custody of that Court. The Illinois Appellate Court, referring to defendants' contention that the Federal Court did not acquire jurisdiction, stated, 8 Ill. App.2d at page 267, 131 N.E.2d at page 555:

"The defendant has fully litigated the point and obtained a decision that the U. S. District Court has jurisdiction *in rem* of the two Green Trusts. Defendant has resigned as trustee in both and his successor has been appointed. These matters are *res judicata* and conclusive."

Certainly it has been established by that decision as the Illinois law of the case that any proceeding remaining in the Illinois Courts is one *in personam*, not *in rem*, and that such Court has no jurisdiction over the *res*.

■ More than that, this Court expressly held that insofar as the James trust was concerned the proceeding was *in rem* and the Court had control of the *res*, and that "The District Court is the first and only court which has acquired jurisdiction over the James trust." At the same time we recognized that the proceeding insofar as it involved the Martha trust was *in personam*. With reference to that trust we stated 218 F. 2d at page 141:

"Whether or not its jurisdiction over the Martha trust has become a proceeding *in rem*, by virtue of Herschel's submitting to that court his resignation as trustee thereof and its appointment of a successor trustee, is not necessary for us to decide."

We now think the conclusion inescapable that irrespective of the nature of the action at the inception of the suit as it related to the Martha trust, it became a proceeding *in rem* and the Court acquired control of the *res* of that estate. In fact, it is difficult to perceive how defendants can in good faith contend otherwise.

On October 27, 1952, Herschel S. Green filed in the District Court his res-

ignation as trustee of both estates, with the agreement "that if counsel cannot agree upon a Successor Trustee, the Court shall appoint one within 10 days." On November 10, 1952, the Court acting upon such resignation entered its order appointing Chauncey M. Rains as trustee for both estates with the provision, "It is further ordered that the said Herschel S. Green as trustee in the Estate of James A. Green and Martha Green deliver over to the said Chauncey M. Rains all assets in each estate and that he make accounting as hereinbefore ordered." On August 3, 1953, an order was entered directing Herschel S. Green "to cease interfering with the present supervision of the Trustee appointed by this court and within Twenty Days deliver up possession of said trust property to said Trustee." While we find nothing in the record which definitely discloses that the trust property was delivered by Herschel to the successor trustee, the former on numerous occasions recognized that such had been done. In a motion by Herschel to dismiss the proceeding, filed September 10, 1953, one of the prayers for relief was that the successor trustee be ordered "to release control of all property and assets involved in this matter and more particularly all property and assets involved in the probate of the Estate of Martha Green and the two Testamentary Trusts now pending in the Circuit and County Courts of Crawford County, Illinois." The same prayer for relief was contained in a second motion to dismiss and abate filed by Herschel on December 9, 1953. Subsequent to the order of January 26, 1954 (the order considered by this Court on previous appeal), Herschel Green, on February 5, 1954, filed a motion for stay pending appeal, in which it was stated "That said Successor Trustee is now engaged in managing the property of the trusts under the wills of James Allen Green and Martha Green, which consists of farm property and livestock in connection therewith * * *."

Thus, it has been adjudicated by this Court that the *res* of the James trust was in the Federal Court from the beginning, and by the Illinois Appellate Court that the *res* of neither trust is in the State Court. These holdings, coupled with the fact that Herschel Green tendered his resignation as trustee of both estates, agreed to the appointment of a successor trustee to whom the assets of both estates were delivered, and continued to recognize that such assets were in the control and custody of the successor trustee, leave no room for doubt which otherwise might exist that the Federal Court acquired control and custody of all property involved in the Martha Green trust. Defendants attempt to escape this inevitable result by suggesting that Herschel Green was "forced" to resign as trustee. It is intimated but not asserted that there was something sinister in the manner in which this resignation was procured. The fact is, however, that Herschel Green was a candidate for public office and resigned his trusteeship, so he asserted, for the purpose of avoiding embarrassment to his candidacy. Thus, his resignation, so he thought, was for his personal good and benefit. Of course, one of the purposes of the suit was to force his resignation and that might have happened if he had not voluntarily resigned. Even in that case, however, his resignation would have been the result of legal compulsion of which he could take no advantage at this late date.

Defendants continue to argue at length that the District Court should have ordered a realignment of parties which, if done, would have destroyed diversity jurisdiction. That issue, however, was definitely decided by our previous opinion and is closed to further consideration. Defendants again argue that the District Court was without jurisdiction of the Martha Green trust because such jurisdiction was first acquired by the County Court of Crawford County, Illinois, where the administration of her estate was pending and in which Herschel was the executor of her will. This issue was likewise disposed of adversely to defendants.

646

Other contentions are advanced which we think are immaterial and need not be considered. Plaintiffs, after the submission of briefs by both parties, filed a motion to dismiss on the theory that the decision of the Illinois Appellate Court was *res adjudicata* of the issues in the instant appeal. This Court denied such motion, without prejudice to the right of plaintiffs to renew it at the time of hearing, which was done. We have had some difficulty in determining whether that motion should be granted or whether we should consider the appeal on its merits. For reasons which need not now be discussed we have chosen to follow the latter course. We hold that the issues raised by defendants are without merit.

The order appealed from is, therefore,

Affirmed.