Oscar L. GREEN, Robert A. Green, Quentin L. Green and Alice Green, Plaintiffs-Appellees,

v.

Herschel S. GREEN and Madge Green, Defendants-Appellants.

No. 12009.

United States Court of Appeals Seventh Circuit.

Oct. 23, 1957.

Ralph E. Suddes, Mattoon, Ill., L. H. Lenz, Springfield, Ill., for appellants.

Jackson R. Hutton, Danville, Ill., August F. Brandt, Grosse Pointe, Mich., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

This appeal is from an order of the district court entered January 28, 1957, wherein Edward Turner, Jr., trustee of the James A. Green and Martha Green testamentary trusts, was authorized to sell certain livestock and grain owned by the trust estates, possession of which had been transferred to him by C. M. Rains, successor trustee to Herschel S. Green, one of the appellants herein, and the order of the district court entered February 5, 1957, approving the supplemental final account of C. M. Rains, trustee.

In the order of sale the court below ordered sold certain farm chattel property owned by said trusts for the purpose of making assets for the payment of costs and expenses incurred in the administration of the trusts theretofore determined by that court.

The issue raised by appellants on this appeal challenges the authority of the district court to authorize such sale when the estate of Martha Green had not been closed in the county court. In fact, they again question the jurisdiction of the district court over the property ordered sold, and the right of that court to approve the final account of any successor trustee of these trusts.

This is the fifth appeal by appellants to this court involving the trusts in question. The first appeal was determined in Green v. Green, 1955, 7 Cir., 218 F.2d 130, certiorari denied April 25, 1955, 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250. The second appeal was adjudicated in Green v. Green, 1956, 7 Cir., 233 F.2d 642. Subsequent appeals Nos. 11981, 11982 were dismissed by orders of this court with costs on March 26, 1957. Likewise, certain proceedings relating to these trusts were had in the circuit court of Crawford county, Illinois, wherein that court enjoined the further prosecution by Oscar L. Green, one of the appellees herein, of an action in the federal district court. This order was reversed by the Illinois Appellate Court on December 22, 1955, In re Green, 8 Ill.App.2d 264, 131 N.E.2d 553, and on March 15, 1956, the Supreme Court of Illinois, in case No. 33955 denied the petition for leave to appeal that decision. Since the prior opinions by Judges Schnackenberg and Major fully set out the history of this litigation, it would serve no good purpose to restate it here.

In Green v. Green, 7 Cir., 233 F.2d 642, 644, 645, supra, we said:

"In fact, defendants in their effort to escape the jurisdiction of the District Court have been driven from pillar to post and they are now at the end of the row * * *.

"Thus, it has been adjudicated by this Court that the *res* of the James trust was in the Federal Court from

the beginning, and by the Illinois Appellate Court that the *res* of neither trust is in the State Court. These holdings, coupled with the fact that Herschel Green tendered his resignation as trustee of both estates, agreed to the appointment of a successor trustee to whom the assets of both estates were delivered, and continued to recognize that such assets were in the control and custody of the successor trustee, *leave no room for doubt which otherwise might exist that the Federal Court acquired control and custody of all property involved in the Martha Green trust.*" (Our emphasis.)

It is conceded that the jurisdiction of the administration of the estate of Martha Green lies in the proper county court in Illinois. In the first appeal in this litigation these same appellants charged that the federal district court was barred from making orders with reference to the actions of Herschel S. Green in these trusts because of the pendency of the Martha Green estate in the county court. In that case, Green v. Green, 7 Cir., 218 F.2d 130, 141, 142, supra, we said:

"Defendants also contend that the District Court has no right to entertain the present suit for accounting because it would interfere with the jurisdiction of the county court of Crawford county, wherein the estate of Martha Green is still being administered and wherein Herschel is acting as executor of her will.

"County courts, in exercising probate jurisdiction, have no power in Illinois as to the management of trust estates. Brinkerhoff v. Huntley, 223 Ill.App. 591, 605. Such a court is not a court of general jurisdiction. Howard v. Swift, 356 Ill. 80, 84, 190 N.E. 102. The administration of testamentary trusts constitutes a well established branch of equity jurisdiction, and is in no sense a 'probate matter' such as is contemplated by the provisions of the Illinois constitution relating to probate courts. Frackelton v. Masters, 249 Ill. 30, 94 N.E. 124; Huston v. Weed, 242 Ill.App. 495.

"We, therefore, hold that the pendency of the Martha Green estate in the county court is no bar to the present action in the District Court."

Since we have previously held that the federal district court had jurisdiction of the trust property, and that the pendency of the Martha Green estate was no bar to these trust proceedings, it necessarily follows that the district court had authority to enter the order of sale in question, and approve the trustee's final account. Each of these orders was necessary in the orderly administration of the trusts.

Appellees have filed two motions to dismiss this appeal. In the interest of trying to bring this litigation to an end, we shall not pass upon these motions. We hold that all contentions advanced by appellants not previously adjudicated by this court, if any, are without merit.

The orders of the district court entered on January 28, 1957, and on February 5, 1957, are

Affirmed.