**In Matter of Estate of Martha Green, Deceased. Oscar L. Green, Defendant-Appellant, v. Herschel S. Green, Plaintiff-Appellee.**

**Term No. 58–M–8.**

Fourth District.

September 23, 1958.

Released for publication October 9, 1958.

August F. Brandt, of Grosse Pointe, Michigan, and Jackson R. Hutton, of Danville, for defendant-appellant.

Ralph Suddes, of Mattoon, for plaintiff-appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from an interlocutory order entered by the Circuit Court of Crawford County on January 16, 1958, without notice and without bond, and a denial of a motion to vacate such order. The injunction restrained Appellant, Oscar L. Green, and others, from proceeding in a case previously pending in the United States District Court for the Eastern District of Illinois since November 8, 1951.

By way of background to such proceeding the record shows that an appeal was perfected by the Plaintiff-Appellee, Herschel S. Green, from an order of the County Court acting in probate in Crawford County. Such probate order dismissed and ordered stricken and disallowed certain reports, certain supplementary and amended inventories, and certain personal claims filed

by plaintiff, Herschel S. Green. The reports, which were filed in the individual capacity of plaintiff and as executor of the estate of Martha Green, deceased, were concerned with receipts and disbursements incurred in the management of farms belonging to the estates of James A. Green and Martha Green for a period before and after the death of Martha Green. The reports combined receipts and disbursements of both estates, as well as personal receipts and disbursements of both plaintiff, Herschel S. Green and his wife, during that period. The reports for the period after the death of Martha Green were identical in all respects with reports he previously filed in the United States District Court as trustee, on which a later accounting before a Master-in-Chancery had been completed and a judgment entered.

The supplemental inventory referred to lists property which does not belong to the estate of Martha Green, deceased; and the amended inventory filed later lists personal property previously adjudicated to belong to the trust estates of James A. Green and Martha Green, deceased, respectively, subject only to the exclusive jurisdiction of the United States District Court. The personal claims referred to and filed by plaintiff consist of one filed January 11, 1943 and never thereafter presented for a hearing but continued from time to time, as well as his second claim filed August 29, 1956 and based upon the new claim date established by filing the supplemental inventory which was filed July 16, 1956.

On August 9, 1957, the defendant, Oscar L. Green, one of the heirs of Martha Green, deceased, filed a motion under Section 48 of the Civil Practice Act (1957 Illinois Revised Statutes, Chapter 110 [§ 48]), to dismiss the appeal referred to herein. Attached to such motion were copies of the prior judgment of the United States District Court entered August 2, 1956, concern-

ing the matters in issue, and affirmed by the United States Circuit Court of Appeals at 248 F.2d 780 (Certiorari denied 354 U. S. 937), as well as previous decisions of the United States Circuit Court of Appeals shown in 218 F.2d 130 (Certiorari denied 349 U. S. 917), and 233 F.2d 642, all referred to as cases of Green v. Green. The action has been pending in the United States District Court referred to since November 8, 1951. This Court has, likewise, considered some phases of this proceeding in a previous case of, In Matter of Green, 8 Ill.App.2d 264.

On January 9, 1958 defendant Oscar L. Green, and others, filed a verified motion in the case pending in the United States District Court for a mandatory injunction requesting that Herschel S. Green be restrained from proceeding further in the Circuit Court concerning issues previously subjected to the jurisdiction of the United States District Court, its prior orders, judgments, and decrees, which it is asserted are now all res adjudicata and conclusive. A copy of the motion, notice of the time and place of its hearing, was properly served on the plaintiff, Herschel S. Green, and he thereafter filed an answer.

On January 16, the day before the hearing was set on the United States District Court motion, the said plaintiff Herschel S. Green, applied to the Circuit Court of Crawford County for an ex parte injunction, without notice or bond. He recited that he had perfected his appeal from the probate court order and that the proceeding for mandatory injunction was pending, and further stated he had been prevented from presenting his personal claims and account, and denied due process of law, contrary to the United States Constitution. The Circuit Court on the same day, thereupon entered its order granting the ex parte injunction without notice or bond.

On January 17, at the time set for the hearing in the United States District Court, neither Herschel S. Green nor his attorney appeared for the hearing. That Court, finding it both advisable and necessary that a preliminary injunction should issue to prevent the Circuit Court from directly interfering with its prior exclusive jurisdiction and to carry into effect the adjudications of such Court, issued the injunction for such purposes. Thereafter, Oscar L. Green, as plaintiff, filed a motion to vacate the Circuit Court ex parte order and to dismiss the pending appeal from the county probate court. After notice, the motion was overruled by the Circuit Court of Crawford County.

On appeal to this Court it is contended by the defendant, Oscar L. Green, that the proceedings in the County Court, acting in probate, as determined by that Court, were strictly limited to the administration of the estate of Martha Green and its assets; that by virtue of the in rem action instituted in the United States District Court for the Eastern District of Illinois, wherein jurisdiction was acquired of all parties in interest, the Court acquired exclusive jurisdiction of the res of the James A. Green testamentary trust estate, and that by virtue of a subsequent voluntary resignation of Herschel S. Green, as Testamentary Trustee of the estate of Martha Green, deceased (which resignation was promptly accepted by all parties in interest and the United States District Court), and the consent appointment of a Successor Trustee by the District Court, the Court thereby also acquired exclusive jurisdiction in rem of the trust res of the Martha Green estate, and that thereby the matters were res adjudicata and conclusive upon the parties.

██ ██ It is recognized that a Federal District Court with prior jurisdiction of an action in rem may at its discretion issue an injunction to prevent any interfer-

559

ence with its possession of the res, or an effective determination of issues, rights, and remedies, involved in litigation (Green v. Green, 233 F.2d 642, 644). The action of the Circuit Court by ex parte injunction restraining and enjoining plaintiffs from further prosecuting their long existing action in the United States District Court was obviously improper. As a matter of law, neither the County Court nor the Circuit Court, on the record before us, has any jurisdiction over the estate of James A. Green, deceased, and no concern as to the combined receipts and disbursements incurred by Herschel S. Green in his management and operation of the farms belonging to Martha Green and the estate of James A. Green, deceased, prior to the death of Martha Green, or in fact, over the combined receipts and disbursements incurred by Herschel S. Green in the operation and management as trustee, of the farms and personal property belonging to James A. Green and Martha Green estates, or jurisdiction over any of the property which the said Herschel S. Green, as trustee, delivered to his Successor Trustee appointed by the United States District Court. County Courts in Probate are not Courts of general jurisdiction and cannot administer testamentary trusts (Dixon v. Nefstead, 285 Ill. App. 463, 469–471; Frackelton v. Masters, 249 Ill. 30).

The said Herschel S. Green has apparently exhausted every conceivable legal right and has had ample opportunity to have fully adjudicated every question involved. It appears that he now seeks for a second time to start over in the State Court (In Matter of Green, 8 Ill.App.2d 264, 267). The fact that no hearing was ever sought by Herschel S. Green on his personal claim filed in 1943, for more than fourteen years, and that he now files a personal claim against the estate after the report of the Master-in-Chancery who had been appointed by the Federal District Court was filed (presumably to

560

offset a subsequent judgment which would probably be entered in the Federal District Court, by filing the Supplemental Inventory herein referred to), makes it appear that the entire procedure was designed solely to create the ostensible basis for the collateral proceeding which is sought to be undertaken by Green in the Circuit Court of Crawford County.

On review of the record it is apparent that there was no jurisdiction in the Circuit Court to enjoin the proceedings of the United States District Court for the Eastern District of Illinois (Green v. Green, 233 F.2d 642, 644; Green v. Green, 248 F.2d 780, 781). The ex parte injunction was improper and should not have been granted. This cause is therefore reversed and remanded to the Circuit Court of Crawford County with directions to dissolve the injunction and to dismiss the appeal at plaintiff's costs.

Reversed and remanded with directions.

BARDENS, P. J. and SCHEINEMAN, J., concur.