Oscar L. GREEN et al., Plaintiffs-Appellees,

v.

Herschel S. GREEN, Defendant-Appellant.

No. 12288.

United States Court of Appeals Seventh Circuit.

Sept. 25, 1958.

Ralph E. Suddes, Mattoon, Ill., for appellant.

August F. Brandt, Grosse Pointe, Mich., Jackson R. Hutton, Danville, Ill., for appellees.

Before DUFFY, Chief Judge, and MAJOR and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

James A. Green died November 2, 1935. His wife Martha Green, and sons Oscar L. Green and Herschel S. Green, survived him. Herschel was appointed trustee under the wills of both his father and mother. His conduct as such trustee has given rise to much litigation in both the state and federal courts. This is the sixth appeal which Herschel has prosecuted to this court.[1] His claims and contentions in the previous five appeals were overruled. Apparently, we were overlyoptimistic when we stated two years and four months ago (233 F.2d 642, 644) "In fact, defendants in their effort to escape the jurisdiction of the District Court have been driven from pillar to post and are now at the end of the row * * *"

In Green v. Green, 233 F.2d 642, 645, we stated: "Thus, it has been adjudicated by this Court that the *res* of the James trust was in the Federal Court from the beginning, and by the Illinois Appellate Court that the *res* of neither trust is in the State Court. These holdings, coupled with the fact that Herschel Green tendered his resignation as trustee of both estates, agreed to the appointment of a successor trustee to whom the assets of both estates were delivered, and continued to recognize that such assets were in the control and custody of the successor trustee, leave no room for doubt which otherwise might exist that the Federal Court acquired control and custody of all property involved in the Martha Green trust. * * *"

There is no merit in the present appeal which is from a preliminary injunction issued by the United States District Court, Eastern District of Illinois, restraining Herschel S. Green, his agents and employees, from further proceeding in the Circuit Court of Crawford County, Illinois, in matters set forth in the order for the injunction and the injunction itself. We have heretofore determined that the United States District Court, Eastern District of Illinois, has prior jurisdiction of the suit which is one in *rem*.

Herschel complains of paragraph 4 of the injunction which requires him to "* * * forthwith remove and withdraw from the said Circuit Court of Crawford County Illinois the said amended or supplemental inventories * * *" and certain other papers. This paragraph is surplusage. It is unthinkable that Herschel would be held in contempt if the Circuit Court refused to surrender the designated papers. However, we think it better if paragraph 4 were eliminated from the injunction.

The temporary injunction, modified by the elimination of paragraph 4 thereof, is

Affirmed.

1. Citations to previous appeals are: 218 F.2d 130, certiorari denied 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed 1250; 233 F.2d 642; Docket Nos. 11981, 11982, dismissed without opinion 248 F.2d 780.